## Quintero et al., Demandantes y Apelantes, v. Morales, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre entrega de bienes y sus productos.

Moción de la parte apelada para que se desestime la apelación.

No. 1059.—Resuelto en diciembre 22, 1913.

Desestimación de Apelación—Escrito de Apelación—Notificación por Correo—Interpretación Estricta.—Debe declararse con lugar una moción para que se desestime una apelación fundada en que la notificación del escrito de apelación se hizo por correo, teniendo el abogado de la parte contraria oficina abierta en la misma ciudad en que reside el abogado de la parte apelante, porque en tales circunstancias debe hacerse personalmente la notificación, o en alguna de las otras formas que establece el artículo 320 del Código de Enjuiciamiento Civil, el cual debe ser interpretado de modo estricto.

Id.—Notificación por Correo del Escrito de Apelación.—A pesar de la doctrina sentada en el párrafo anterior si el abogado de la parte apelante, en este caso, hubiera demostrado que aunque erró al hacer la notificación del escrito de apelación por correo, era lo cierto que el abogado de la parte apelada había sido informado en tiempo debidamente de la interposición del recurso, o si el mismo abogado de la parte apelada hubiera admitido el recibo de la notificación, tal vez podría esta corte declarar sin lugar la moción de desestimación de la apelación.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Luis Freyre Barbosa.*

Abogados de la apelada: *Sres. José R. F. Savage y Hugh R. Francis.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El 22 de noviembre de 1913 se archivó en la Secretaría de esta Corte Suprema la transcripción del récord en este

caso y el 24 del propio mes y año compareció la parte ape-
lada y presentó una moción jurada solicitando la desestima-
ción del recurso establecido, por los siguientes fundamentos:

"I. Que la notificación de apelación en este caso fué hecho por
correo como consta de la transcripción del récord; que el abogado de
la demandada, Don José R. F. Savage, a quien fué mandada dicha
notificación tenía su oficina abierta en la ciudad de San Juan, P. R.

"II. Que no obrando exposición del caso en esta apelación, por
no haberse practicado prueba, ya había transcurrido con exceso el
término para la presentación de la transcripción del récord en este
caso cuando la parte apelante efectuó dicha presentación el día 22 de
noviembre de 1913."

Examinemos la primera de las cuestiones suscitadas.

El artículo 296 de nuestro Código de Enjuiciamiento Civil,
dice así:

"Una apelación se interpone entregando al secretario de la corte
en que fué dictada o registrada la sentencia o providencia apelada,
un escrito manifestando que se apela de ella, o de determinada parte
de la misma, y presentando idéntica manifestación a la parte contraria
o a su abogado."

El 320 del propio código, es como sigue:

"La diligencia de una notificación o entrega de documentos deberá
hacerse personalmente, a la parte o a su abogado según proceda, o
podrá diligenciarse como sigue:

"1. Si a un abogado, podrá verificarse la diligencia cuando estu-
viere ausente de su bufete, entregando la notificación o documentos
al empleado o persona encargada de la oficina y si no hubiere nadie,
dejándolos entre las ocho de la mañana y las cuatro de la tarde,
en sitio notoriamente visible del bufete; y si por no estar abierto
éste, fuere imposible efectuar la diligencia entonces se dejarán aquéllos
en la residencia del abogado, entregándolos a alguna persona de sufi-
ciente edad y discreción; y si se ignorasen las señas de su residencia
se cursarán por correo, bajo sobre dirigido a dicho abogado;

"2. Si a una de las partes, podrá practicarse la diligencia dejando
la notificación o documentos en su residencia entre las ocho de la
mañana y las seis de la tarde, en poder de alguna persona de suficiente

edad y discreción; y si se ignorase su dicha residencia, se cursarán por correo, bajo sobre certificado dirigido a dicha parte.''

Y el 321 expone:

''La remisión por correo podrá tener lugar, cuando la persona encargada de hacer la notificación o remitir los documentos y aquella a quien fueren dirigidos residieren o tuvieren sus oficinas en distintos puntos, entre los cuales hubiere un servicio regular de comunicaciones por correo.''

Fija, pues, la ley de una manera terminante la necesidad de notificar la apelación a la parte contraria, requisito juris-diccional, y la forma en que debe diligenciarse la notificación.

Interpretando la sección 3711 de los códigos de Idaho, igual al artículo 320 de nuestro Código de Enjuiciamiento Civil que hemos transcrito, la Corte Suprema de dicho Estado en el caso de *Warner* v. *Teachenor,* 2 Idaho 38, 39, se expresó como sigue: ''Esta sección establece una forma de notifica-ción presuntiva (*constructive*) en vez de la personal, y siendo en derogación de la ley común, que requería la notificación personal, el estatuto debe ser interpretado de modo estricto.''

Expuesta la ley reguladora de la materia que estudiamos y fijada la regla que debe seguirse para interpretarla, vea-mos cuáles son las circunstancias de este caso concreto, a fin de decidirlo en justicia.

La única constancia que aparece en los autos con respecto a la notificación del escrito de apelación al abogado de la parte contraria, es la que sigue:

''Yo, Luis Freyre Barbosa, abogado, vecino de San Juan, mayor de edad, juro: que soy el abogado de los demandantes en el caso a que se refiere la precedente moción, y que en tal carácter y bajo sobre certificado remití una copia de la presente notificación al abogado Don José R. Savage, abogado de la demandada, según lo justifica con el recibo que bajo el número 3509 le ha sido expedido por la oficina de correo de esta ciudad de San Juan en este día. San Juan, P. R., 27 de agosto de 1913. Luis Freyre Barbosa. San Juan, P. R., agosto 27 de 1913. Jurado ante mí hoy por Luis Freyre Barbosa, abogado y vecino y a quien conozco personalmente. Francisco Negroni, Sec. aux.''

En dicha constancia no se expresó por qué hubo necesidad de recurrir al medio subsidiario que fija la ley de la notificación por correo y en la moción solicitando la desestimación del recurso el apelado alegó bajo juramento que el abogado de la parte demandada a quien se envió la notificación tiene ahora y tenía en aquella época su oficina abierta en la ciudad de San Juan. La parte apelante compareció al acto de la vista de la moción y no presentó prueba alguna tendente a impugnar la certeza de tal hecho.

Debemos partir, pues, de la base de que el abogado de la demandada reside y residía en esta misma ciudad de San Juan de donde es vecino el abogado de los demandantes que hizo la notificación y en cuya corte de distrito se tramitó el pleito. Y siendo esto así es necesario llegar a la conclusión de que la parte apelante no estaba autorizada a notificar por correo al abogado de la parte apelada, sino que debió hacerlo personalmente, o, en su caso, en alguna de las otras formas prescritas en el artículo 320 del Código de Enjuiciamiento Civil.

A continuación citamos algunas decisiones de la corte Suprema de California aplicables a este caso.

En *People* v. *Alameda Turnpike Co.,* 30 Cal., 184, se decidió que la notificación por correo sólo era eficaz cuando la persona que la hace y la persona a quien se hace residen o tienen sus oficinas en diferentes lugares, entre los cuales existe un servicio de comunicación regular por correo.

En *Cunningham* v. *Warnekey,* 61 Cal., 507, se sostuvo que el *affidavit* debe demostrar que la persona que hizo la notificación y la persona a quien se hizo residen en diferentes lugares.

Y en *Pacific Mutual Life Insurance Co.* v. *Shepardson,* 76 Cal., 376, se estableció que en un *affidavit* de haberse hecho una notificación por correo debe consignarse de modo positivo el hecho de la notificación y debe demostrarse que el que jura y la persona notificada residían o tenían sus oficinas

en diferentes lugares, entre los cuales existía comunicación por correo.

Si la parte apelante en el acto de la vista nos hubiera demostrado siquiera, que si bien erró al hacer la notificación por correo era lo cierto que el abogado de la parte demandada había sido informado en tiempo, debidamente, de la interposición del recurso, cumpliéndose así, en su esencia, los fines de la ley sobre tal extremo; o si el mismo abogado de la parte demandada hubiera admitido el recibo de la notificación, podríamos tal vez, de acuerdo con la jurisprudencia establecida en los casos de *Heinlen* v. *Heilbron,* 94 Cal., 636 y *Withers* v. *Little,* 56 Cal., 372, declarar sin lugar la moción de desestimación del recurso y resolver éste por sus propios méritos.

Pero como la indicada demostración no se hizo en forma alguna; como el abogado de la parte apelada en vez de admitir el recibo de la notificación compareció especialmente ante esta Corte Suprema para pedir la desestimación del recurso basándose precisamente en la falta de la notificación ordenada por la ley, y como la ley en realidad de verdad no fué cumplida por la parte apelante, debemos decidir que, por el primero de los motivos alegados, es procedente la desestimación del recurso.

Habiendo llegado a la anterior conclusión, no es necesario considerar la segunda de las cuestiones suscitadas.

*Concedida la moción y desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de esta moción.