GASCÓN, DEMANDANTE Y APELADO, *v.* ALVAREZ, DEMANDADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera, en pleito sobre cobro de dinero.

No. 2156.—Resuelto en abril 20, 1920.

NOTIFICACIÓN Y ENTREGA DE DOCUMENTOS POR CORREO.—La disposición contenida
en el artículo 321 del Código de Enjuiciamiento Civil de que cuando la per-
sona que ha de notificar y la que ha de ser notificada residan en distintos
puntos la notificación se hará por correo, no puede aplicarse al caso en que
dichas personas residan en distintos barrios de la misma municipalidad, en-
lazadas por un servicio de correos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. Sarmiento.*

Abogado del apelado: *Sr. J. Martínez Dávila.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal. .

En este caso la Corte de Distrito de San Juan desestimó
una apelación procedente de la corte municipal a virtud de
una moción presentada por la demandante acompañada de
un *affidavit* creditivo de haberse notificado dicha moción al
demandado en el cual expresaba el abogado del apelado que
había depositado en la oficina postal de San Juan un sobre
debidamente franqueado conteniendo una copia fiel y exacta
de la referida moción y de la certificación del secretario de
la corte municipal a que en ella se hace referencia dirigido
a Antonio Alvarez·González, a Puerta de Tierra, que es
donde tiene su residencia, y que entre la ciudad de San Juan
y el barrio de Puerta de Tierra existe un servicio regular
diario de correos.

Aparece, pues, del *affidavit* de notificación no sólo que
la residencia del demandado era conocida del abogado de
la demandante sino también que dicho demandado y abogado
ambos residían dentro del municipio de San Juan. Por otra
parte el *affidavit* no muestra por sí que la notificación se
hiciera por correo certificado.

El artículo 320 del Código de Enjuiciamiento Civil pres-

cribe como forma alternativa para la diligencia de una notificación que ha de hacerse personalmente a una parte, que "si se ignorare su dicha residencia, se cursarán por correo, bajo sobre certificado dirigido a dicha parte". El artículo 321 prescribe que la remisión por correo se hará "cuando la persona encargada de hacer la notificación o remitir los documentos y aquella a quien fueren dirigidos residieren o tuvieren sus oficinas en distintos puntos, entre los cuales hubiere un servicio regular de comunicaciones por correo."

La notificación que según parece se trató de hacer en este caso se fundaba en la teoría de que las personas que residen en diferentes barrios de la misma municipalidad residen en "distintos puntos" dentro del significado de este estatuto, criterio con el cual no podemos estar de acuerdo. La notificación personal constituye la regla general y es la mejor práctica de ser factible. No debe darse mayor extensión mediante interpretación judicial al alcance que tiene el precepto estatutorio para hacer la notificación en otra forma, en pro de la conveniencia, cuando las partes o los abogados viven o tienen sus oficinas en distintos sitios. De interpretarse la frase "distintos puntos" en el sentido de significar diferentes barrios de la misma municipalidad por igual razón podría considerarse que comprende a los diferentes edificios de una misma manzana y de este modo la excepción pronto se convertiría en la regla. Claramente que no fué la intención de la Legislatura introducir tal incertidumbre, confusión o injusticia como resultaría de cualquier interpretación liberal del lenguaje empleado o laxitud al ajustar la práctica a las disposiciones del estatuto.

Los abogados al recurrir al método excepcional deberán tener cuidado de que los autos revelen todas las circunstancias que justifiquen tal proceder, así como también de que el procedimiento prescrito por la ley ha sido observado. *Quintero* v. *Morales,* 19 D. P. R. 1183; *Tettamauzi* v. *Zeno,* 24 D. P. R. 53; *Rivera* v. *Martínez,* 26 D. P. R. 139; *Heinlen* v. *Heilborn,* 94 Cal. 636; *Hogs' Back Co.* v. *New Basil Co.,*

63 Cal. 121; *Cunningham* v. *Warnekey,* 61 Cal. 507; *Reed* v. *Allison,* Idem. 461; *Moore* v. *Besse,* 31 Cal. 180.

La sentencia apelada debe ser revocada devolviéndose las actuaciones.

*Revocada la sentencia apelada y devuelto el caso a la corte inferior.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.