TEÓFILO MARXUACH PLUMEY, demandante y apelante, *v.* CAROLINA AMELIA ACOSTA Y ACOSTA, ACISCLO MARXUACH PLUMEY Y TERESA MARXUACH PLUMEY, demandadas y apeladas.

No. 3907.—*Visto:* Mayo 3, 1926. *Resuelto:* Julio 6, 1926.

1. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—MOCIÓN SOBRE DESESTIMACIÓN DE APELACIÓN—NOTIFICACIÓN DE LA MISMA—NOTIFICACIÓN POR CORREO—SU EFECTO CUANDO EL DERECHO A ASÍ NOTIFICAR NO SURGE.- - Cuando la notificación de una moción de desestimación de apelación se hace por correo y no surge el derecho de hacer tal notificación en tal modo, no ha lugar a desestimar.

2. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—MOCIÓN SOBRE DESESTIMACIÓN DE APELACIÓN—RADICACIÓN DE LA MISMA—RADICACIÓN DESPUÉS DEL *Transcript* DE AUTOS—*Transcript* RADICADO FUERA DEL TÉRMINO.— Radicada moción de desestimación cuando ya ha sido radicada la transcripción de autos, aquélla no debe prevalecer y no ha lugar a desestimar.

MOCIÓN sobre desestimación de apelación presentada por la apelada. *Sin lugar.*

*Manuel Tous Soto,* abogado del apelante; *Mariano* y *Federico Acosta Velarde,* abogados de la apelada Carolina Amelia Acosta.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El día 22 de abril de 1926 se presentaron dos escritos en la oficina del Secretario de esta corte. Uno fué llevado allí entre dos y tres de la tarde y el otro entre cuatro y cinco de la tarde. El último aparentaba sér una transcripción de autos. El primero era una moción para desestimar, en perfecto orden siempre que llegara a la corte antes de radicarse la transcripción y que se hubiera notificado debidamente a la apelante.

La Regla 58 de esta Corte dice:

"Si la copia de los autos, no fuere presentada dentro del término prescrito, puede desestimarse la apelación al hacerse una moción en tal sentido previa notificación de la misma. Si la copia de los autos,

ha sido presentada a la fecha en que se haga tal notificación, este hecho constituirá una contestación eficaz a la referida moción aún en el caso de que dicha copia no se hubiere presentado dentro del término prescrito.''

[1] Estos apelados descansaron en una notificación por correo. No se pone en duda que el abogado del apelante vive en San Juan, donde se vió el caso. El juramento de la notificación dice en efecto que la persona que iba a hacer la notificación fué informada que la oficina del abogado del apelante estaba cerrada y que el abogado estaba fuera en la isla. Verbalmente el abogado del apelante negó la posibilidad material de estar su oficina cerrada cuando el supuesto informante tenía la suya abierta, pero es innecesario detenerse en esta cuestión de hecho.

El artículo 320 del Código de Enjuiciamiento Civil dice:

''La diligencia de una notificación o entrega de documentos deberá hacerse personalmente, a la parte o a su abogado según proceda, o podrá diligenciarse como sigue:

''1—Si a un abogado, podrá verificarse, la diligencia cuando estuviere ausente de su bufete, entregando la notificación o documento al empleado o persona encargada de la oficina y si no hubiere nadie, dejándolos entre las ocho de la mañana y las cuatro de la tarde, en sitio notoriamente visible del bufete; y si por no estar abierto éste, fuere imposible efectuar la diligencia entonces se dejarán aquéllos en la residencia del abogado, entregándolos a alguna persona de suficiente edad y discreción; y si se ignorasen las señas de su residencia se cursarán por correo, bajo sobre dirigido a dicho abogado.''

El artículo 321 dispone lo siguiente:

''La remisión por correo podrá tener lugar, cuando la persona encargada de hacer la notificación o remitir los documentos y aquella a quien fueren dirigidos residieren o tuvieren sus oficinas en distintos puntos, entre los cuales hubiere un servicio regular de comunicación por correo.''

Según estos artículos no surgió el derecho de hacer la notificación por correo. Se admitió que el abogado del apelante residía en San Juan. No se hizo esfuerzo por llegar

hasta su residencia y no hay declaración jurada de que la residencia del abogado fuera desconocida. En realidad, el juramento de la notificación tiene algunas de las distintivas de una notificación entre dos ciudades distintas, ya que el declarante jura "que entre esta ciudad de San Juan existe un servicio regular diario de correo."

Como no se hizo la debida notificación al abogado del apelante, debe declararse sin lugar la moción de desestimación de 22 de abril de 1926.

[2] El 27 de abril de 1926 los apelados radicaron otra moción, pero sin acompañar documento alguno. Aparentemente los apelados descansaban en los documentos radicados anteriormente, pero no los identificaron. Cuando la segunda moción fué presentada, la transcripción había sido radicada desde hacía cinco días. La segunda moción no puede prevalecer, y de igual modo *debe declararse sin lugar.*