RAÚL ASENCIO, demandante y apelado, *v.* SUCESIÓN DE QUINTÍN RODRÍGUEZ CRUZ, demandada y apelante.

No. 7110.—*Sometido:* Noviembre 4, 1935. *Resuelto:* Noviembre 6, 1935.

P. N. *Colberg,* abogado de la apelante; R. *del Toro Soler,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez dictó sentencia en contra de la sucesión de Quintín Rodríguez Cruz. No conforme con esta sentencia algunos miembros de la sucesión

radicaron un escrito de apelación en la secretaría de la Corte de Distrito de Mayagüez. La parte apelada solicitó que se desestimase este recurso, porque su abogado no había sido debidamente notificado. Se alega, entre otras razones, que la notificación se hizo por correo y que carece de validez, por residir los abogados de ambas partes en el mismo pueblo, que es Cabo Rojo. La parte apelada está en lo cierto. Ha declarado este tribunal que cuando el abogado de la parte contraria tiene oficina abierta en la misma ciudad en que reside el abogado de la parte apelante, y se notifica la apelación de una sentencia por correo, procede la desestimación del recurso porque en tales circunstancias la notificación debe hacerse personalmente o en alguna de las otras formas que establece el artículo 320 del Código de Enjuiciamiento Civil. De acuerdo con el artículo 321 del Código de Enjuiciamiento Civil, la remisión por correo tendrá lugar cuando la persona que hace la notificación y el notificado residen en distintos puntos. Esta corte ha interpretado la frase ''distintos puntos'' en el sentido de no incluir residencia en el mismo pueblo o el mismo municipio. *Quintero* v. *Morales,* 19 D.P.R. 1183; *Gascón* v. *Alvarez* 28 D.P.R. 362; *Marxuach* v. *Acosta,* 35 D.P.R. 636. Véase también *Pueblo* v. *Rubio,* 44 D.P.R. 889.

■■ Arguye el abogado del apelante que utilizó el correo para hacer la notificación, porque el apelado se negó a firmarla. No existe ningún precepto legal que exija la firma de la notificación. De acuerdo con el artículo 296 del Código de Enjuiciamiento Civil una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, *and serving a similar notice on the adverse party, or his attorney.* El artículo 320 del mismo cuerpo legal dispone que la diligencia de una notificación o entrega de documentos deberá hacerse personalmente a la parte o a su abogado, o podrá diligenciarse según se determina en los incisos primero y segundo de dicho artículo cuando no pueda

hacerse la notificación personalmente. El texto inglés usa las palabras *service of notice,* que en castellano significan "diligencia de notificación". La palabra *service,* cuando se usa con referencia a emplazamientos, autos, citaciones, notificaciones y otros procedimientos legales, significa la lectura del documento a la persona que ha de ser notificada o la entrega a tal persona del original o de una copia del mismo. *Clemmons* v. *State,* 5 Okl. Cr. A. 119, 113 P. 238. El artículo 296 es claro cuando dice que se entregará al secretario el escrito de apelación, sirviéndole una notificación idéntica a la parte o al abogado. Los apelantes no han cumplido con los requisitos establecidos por la ley ni están autorizados a utilizar el correo para llevar a cabo la notificación por el hecho de que la parte apelada se niegue a firmarla. Los apelantes, lejos de alegar que hayan notificado al abogado de la parte apelada, dicen que no hicieron la notificación, porque dicho abogado se negó a firmarla y esto, a nuestro juicio, no es bastante.

*Debe desestimarse el recurso interpuesto.*

El Juez Presidente Sr. del Toro no intervino.