RAMONA SANTANA, demandante y apelante, *v.* FRANCISCO A. SALINAS, demandado y apelado.

Núm. 7665.—*Sometido:* Diciembre 21, 1938. *Resuelto:* Enero 20, 1939.

[redacted]

*Luis Vergne Ortiz,* abogado de la apelante; el apelado no compareció.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Este pleito sobre nulidad de actuaciones se instituyó originalmente en la sección primera de la Corte Municipal de San Juan, la que previa anotación de la rebeldía del demandado desestimó la demanda por los méritos de la prueba. Apeló la demandante para ante la Corte de Distrito de San Juan con el mismo resultado y contra esta última sentencia se estableció el presente recurso.

[redacted] Examinados los autos, encontramos que el escrito de apelación para ante este tribunal fué notificado por correo, conforme resulta del diligenciamiento jurado que aparece al calce del mismo, que literalmente dice así:

"Juramento de notificación.—Yo, Luis Vergne Ortiz, bajo juramento declaro: Que soy mayor de edad, casado, abogado, de esta vecindad; que soy el abogado de la parte demandante en este caso; que con esta fecha he depositado en la oficina o Administración de Correos de esta ciudad, un sobre cerrado, con franqueo debidamente pagado, dirigido a Francisco A. Salinas, demandado en este caso, a su domicilio en la bajada del matadero, barrio de La Perla, ciudad de San Juan, Puerto Rico.

"Que el sobre mencionado fué debidamente certificado, pagándose el franqueo correspondiente, con acuse de recibo.

"Que dentro de la ciudad de San Juan existe un servicio regular de comunicaciones por correo, estando situadas la oficina del declarante y la residencia del demandado en distintos puntos."

El Código de Enjuiciamiento Civil, en su artículo 320, prescribe que la diligencia de una notificación o entrega de documentos se hará personalmente, pudiendo verificarse dicha diligencia por correo solamente cuando se trate de notificar a una parte cuya residencia sea desconocida, o cuando la parte que deba hacer la notificación y aquella a quien fuere dirigida residieren o tuvieren sus oficinas en distintos puntos, entre los cuales hubiera un servicio regular de comunicaciones por correo. Artículo 321 del Código de Enjuiciamiento Civil.

Del diligenciamiento transcrito resulta que tanto el abogado de la demandante apelante, què notificó el escrito, como el demandado apelado, a quien se intentó notificar, residen en la ciudad de San Juan.

El abogado de la apelante parece interpretar la frase *"reside or have their offices in different places"* de la edición inglesa del inciso 2 del artículo 321, "residieren o tuvieren sus oficinas en distintos puntos", como dice la edición española, en el sentido de comprender dos sitios o puntos distintos dentro de la misma ciudad. Esa interpretación es errónea.

En el caso de *Gascón* v. *Alvarez*, 28 D.P.R. 362, la demandante interpuso apelación para ante la Corte de Distrito de San Juan de la sentencia que en su contra dictó la corte municipal de esta ciudad. Del diligenciamiento de notificación aparecía que tanto el abogado de la demandante como el demandado residían en la ciudad de San Juan, este último en el barrio de Puerta de Tierra. El escrito de apelación se notificó por correo y se expresó en el diligenciamiento "que entre la ciudad de San Juan y el barrio de Puerta de Tierra existe un servicio regular diario de correo", y este tribunal,

interpretando la frase "distintos puntos" antes aludida, por voz de su Juez Asociado Sr. Hutchison, se expresó así:

"El artículo 320 del Código de Enjuiciamiento Civil prescribe como forma alternativa para la diligencia de una notificación que ha de hacerse personalmente a una parte, que 'si se ignorare su dicha residencia, se cursarán por correo, bajo sobre certificado dirigido a dicha parte.' El artículo 321 prescribe que la remisión por correo se hará 'cuando la persona encargada de hacer la notificación o remitir los documentos y aquella a quien fueren dirigidos residieren o tuvieren sus oficinas en distintos puntos, entre los cuales hubiere un servicio regular de comunicaciones por correo.'

"La notificación que según parece se trató de hacer en este caso se fundaba en la teoría de que las personas que residen en diferentes barrios de la misma municipalidad residen en 'distintos puntos', dentro del significado de este estatuto, criterio con el cual no podemos estar de acuerdo. La notificación personal constituye la regla general y es la mejor práctica de ser factible. No debe darse mayor extensión mediante interpretación judicial al alcance que tiene el precepto estatutario para hacer la notificación en otra forma, en pro de la conveniencia, cuando las partes o los abogados viven o tienen sus oficinas en distintos sitios. De interpretarse la frase 'distintos puntos' en el sentido de significar diferentes barrios de la misma municipalidad por igual razón podría considerarse que comprende a los diferentes edificios de una misma manzana y de este modo la excepción pronto se convertiría en la regla. Claramente que no fué la intención de la Legislatura introducir tal incertidumbre, confusión o injusticia como resultaría de cualquier interpretación liberal del lenguaje empleado o laxitud al ajustar la práctica a las disposiciones del estatuto.

"Los abogados al recurrir al método excepcional deberán tener cuidado de que los autos revelen todas las circunstancias que justifiquen tal proceder, así como también de que el procedimiento prescrito por la ley ha sido observado. *Quintero* v. *Morales*, 19 D.P.R. 1183, *Tettamauzi* v. *Zeno*, 24 D.P.R. 53; *Rivera* v. *Martínez*, 26 D.P.R. 139; *Heinlen* v. *Heilborn*, 94 Cal. 636; *Hog's Back Co.* v. *New Basil Co.*, 63 Cal. 121; *Cunningham* v. *Warnekey*, 61 Cal. 507; *Reed* v. *Allison*, Idem. 461; *Moore* v. *Besse*, 31 Cal. 180." (*Gascón* v. *Álvarez*, 28 D.P.R. 362, 364.) Véase al mismo tiempo *Asencio* v. *Sucn. Rodríguez*, 49 D.P.R. 8.

■ Que la notificación válida del escrito de apelación es un requisito jurisdiccional lo resolvió también este tribunal por su entonces Juez Asociado Sr. Del Toro en el caso de *Quintero* v. *Morales,* 19 D.P.R. 1183. En este último caso los abogados de ambas partes tenían su oficina en San Juan y a pesar de ello se notificó por correo el escrito de apelación. Al desestimar el recurso a moción del apelado, se dijo:

"Fija, pues, la ley de una manera terminante la necesidad de notificar la apelación a la parte contraria, *requisito jurisdiccional,* y la forma en que debe diligenciarse la notificación.

"Interpretando la sección 3711 de los códigos de Idaho, igual al artículo 320 de nuestro Código de Enjuiciamiento Civil que hemos transcrito, la Corte Suprema de dicho Estado en el caso de *Warner* v. *Teachenor,* 2 Idaho 38, 39, se expresó como sigue: 'Esta sección establece una forma de notificación presuntiva (*constructive*) en vez de la personal, y siendo en derogación de la ley común, que requería la notificación personal, el estatuto debe ser interpretado de modo estricto.'

". . . . . . . . . .

"Debemos partir, pues, de la base de que el abogado de la demandada reside y residía en esta misma ciudad de San Juan de donde es vecino el abogado de los demandantes que hizo la notificación y en cuya corte de distrito se tramitó el pleito. Y siendo esto así es necesario llegar a la conclusión de que la parte apelante no estaba autorizada a notificar por correo al abogado de la parte apelada, sino que debió hacerlo personalmente, o, en su caso, en alguna de las otras formas prescritas en el artículo 320 del Código de Enjuiciamiento Civil."

■■ En los casos citados la apelación fué desestimada a moción de la parte apelada. En este caso el apelado no ha comparecido en forma alguna ante este tribunal; pero tratándose como hemos visto de falta de jurisdicción, no sobre la persona, sino sobre la materia, ni el silencio ni el consentimiento de las partes pueden conferirla, y por consiguiente el tribunal *motu proprio* debe suscitar la cuestión y abstenerse de conocer del caso. 10 R.C.L. 1039; *Hoehamer* v *Elmwood Park,* 102 A.L.R. 196, 199.

*Procede por lo expuesto desestimar el recurso por falta de jurisdicción.*

El Juez Presidente Sr. Del Toro no intervino.