Felipe Cardona Galarza, demandante y apelado, *v.* Rafael Ortega, demandado y apelante.

Núm. 9738.—*Sometido:* Abril 14, 1948. *Resuelto:* Abril 22, 1948.

---

*Víctor Rivera Colón*, abogado del apelante; *Bauzá & Bauzá*, abogados del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El apelado solicita desestimemos este recurso por el fundamento de que el escrito de apelación le fué notificado a su abogado por correo, y no personalmente, a pesar de que dicho abogado y el del apelante tienen sus oficinas en San Juan y Santurce, respectivamente. Cita el apelado los artículos 320 y 321 del Código de Enjuiciamiento Civil[1] y la jurisprudencia de este Tribunal al efecto de que el escrito de apelación debe ser notificado personalmente a un abogado que reside en la misma ciudad, *Asencio v. Sucn. Rodríguez,* 49 D.P.R. 8; *Santana v. Salinas,* 54 D.P.R. 116; o de lo contrario esta Corte no adquiere jurisdicción por no haberse notificado el escrito de apelación en forma legal.

El apelante se opone a la desestimación solicitada y admite que notificó su escrito al abogado del apelado por

---

[1] Estos artículos disponen: ''Artículo 320.—(1011 Cal.) La diligencia de una notificación o entrega de documentos deberá hacerse personalmente, a la parte o a su abogado según proceda, o podrá diligenciarse como sigue:

''1. Si a un abogado, podrá verificarse la diligencia cuando estuviere ausente de su bufete, entregando lo notificación o documentos al empleado o persona encargada de la oficina y si no hubiere nadie, dejándolos entre las ocho de la mañana y las cuatro de la tarde, en sitio notoriamente visible del bufete; y si por no estar abierto éste, fuere imposible efectuar la diligencia entonces se dejarán aquéllos en la residencia del abogado, entregándolos a alguna persona de suficiente edad y discreción; y si se ignorasen las señas de su residencia se cursarán por correo, bajo sobre dirigido a dicho abogado.

2. Si a una de las partes, podrá practicarse la diligencia dejando la notificación o documentos en su residencia, entre las ocho de la mañana y las seis de la tarde, en poder de alguna persona de suficiente edad y discreción, y si se ignorase su dicha residencia, se cursarán por' correo, bajo sobre certificado dirigido a dicha parte.''

''Artículo 321.—(1012 Cal.) La remisión por correo podrá tener lugar, cuando la persona encargada de hacer la notificación o remitir los documentos y aquella a quien fueren dirigidos residieren o tuvieren sus oficinas en distintos puntos, entre los cuales hubiere un servicio regular de comunicaciones por correo.''

correo y no personalmente, empero sostiene que al hacerlo cumplió con la Regla 5(b) de las de Enjuiciamiento Civil. Tiene razón a nuestro juicio. Dicha regla dispone:

"(b) Notificación: Cómo se Hace.—Siempre que bajo estas reglas se requiera o se permita hacer una notificación a una parte representada por abogado, la notificación se hará al abogado, a menos que la corte ordene que la notificación se haga a la parte misma. *La notificación al abogado o a la parte se hará entregándole copia o remitiéndosela por correo a su última dirección conocida,* o si no se sabe su dirección, dejándola en poder del secretario de la corte. Entregar una copia quiere decir, según esta regla: ponerla en manos del abogado de la parte, o dejarla en su oficina en poder de su escribiente u otra persona a cargo de la misma; o, si no hubiere alguien encargado de la oficina, o, si la oficina estuviere cerrada o si la persona a notificar no tuviere oficina, dejándosela en su domicilio o residencia habitual en poder de alguna persona de suficiente edad y discreción que resida allí. *La notificación por correo quedará perfeccionada al ser depositada en el correo.*" (Bastardillas nuestras.)

En relación con aquellas acciones o procedimientos a las cuales las nuevas reglas son aplicables[2] de acuerdo con la número 81(a), la Regla 5(b) sustituye el procedimiento establecido anteriormente por el artículo 321, supra, y autoriza la notificación por correo al abogado contrario sin la limitación, que antes existía, de que la persona que remitía la notificación debía residir o tener su oficina en un punto distinto, es decir, en un pueblo o municipio distinto, según se interpretó la frase "distintos puntos" en *Quintero et al.* v. *Morales,* 19 D.P.R. 1183; *Gascón* v. *Alvarez,* 28 D.P.R. 362; *Marxuach* v. *Acosta,* 35 D.P.R. 636, de la persona a quien iba dirigida. Habiendo desaparecido dicha limitación, es claro que la notificación hecha es válida y que no procede la desestimación solicitada.

Comentando Moore la Regla 5(b) Federal, igual a la nuestra, dice:

---

[2] Cf. *Martínez Fernández & Co., S. en C.* v. *García,* ante, pág. 391. Nota (1).

"La notificación de alegaciones y otros documentos, excepto aquéllos que se requiera sean notificados a una parte en la misma forma que un emplazamiento([3]) puede hacerse por correo. . . . Cuando la parte está representada por más de un abogado de récord, la notificación a cualquiera de ellos es suficiente.

"Debe notarse que la última oración de la Regla 5(*b*) provee que la notificación por correo quedará perfeccionada al ser depositada en el correo. Esto es significativo. El no recibo del documento no afecta la validez de la notificación." 1 Moore's *Federal Practice* 376.

*Habiendo sido notificado en forma legal el apelado del escrito de apelación, no ha lugar a la desestimación solicitada.*

---

[3] Véase la última parte de la Regla 5(*a*) que dispone que las alegaciones solicitando remedios nuevos o adicionales contra partes en rebeldía deben notificarse en la forma dispuesta para diligenciar emplazamientos en la Regla 4; y también la Regla 25(*a*) en cuanto a la notificación de una moción sobre substitución en caso de muerte de una parte y la cual debe ser notificada, a personas que no eran partes, en la misma forma que un emplazamiento.