GUMERSINDO COLLAZO Y OTROS, demandantes y apelantes, *v.* PUIG Y ABRAHAM, demandada y apelada.

Núm. 10146.—*Sometido:* Enero 9, 1950. *Resuelto:* Enero 26, 1950.

---

*Víctor M. Bosch,* abógado de los apelantes; *Damián Monserrat, Jr.,* y *Gabriel de la Haba,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

La apelada solicita que se desestime este recurso por falta de jurisdicción. Sostiene que los abogados de una y otra parte tienen sus respectivas oficinas en la ciudad de San Juan y que, sin embargo, el escrito de apelación le fué notificado por correo.

La notificación de la sentencia se verificó el 14 de noviembre de 1949 y el día siguiente los apelantes radicaron el escrito de apelación y depositaron en las oficinas del correo en San Juan, en debida forma, el pliego conteniendo la copia del escrito de apelación dirigido a los abogados de la apelada en San Juan. La apelada admite que recibió la copia del escrito de apelación y no niega la afirmación del apelante al efecto de que de hecho la recibió dentro del término para apelar. Y habiéndose depositado la notificación en el correo el primer día de los cinco que concede la Ley núm. 10 de 1917, según ha sido enmendada, para establecer recurso de apelación, debemos dar por sentado que la recibió en tiempo. Alega, sin embargo, que la notificación es inefectiva porque no hallándose las oficinas de los respectivos abogados en dis-

tintos puntos entre los cuales hubiere un servicio regular de comunicaciones por correo, dicha notificación sólo puede hacerse personalmente. Invoca la apelada los artículos 296, 320 y 321 del Código de Enjuiciamiento Civil, así como la Ley núm. 10 de 14 de noviembre de 1917, según enmendada, la cual nada prescribe con respecto a la forma de notificar el escrito de apelación.

 El procedimiento para regular los trámites apelativos no está comprendido en las Reglas de Enjuiciamiento Civil. Por consiguiente, los trámites del recurso de apelación se rigen por las disposiciones pertinentes de dicho Código, entre las cuales se hallan los artículos invocados por la apelada. *Hernández* v. *Corte Municipal,* 69 D.P.R. 887. Es sabido que nuestro Código ha sido adoptado, en gran parte, del Código de Enjuiciamiento Civil de California. Los artículos correspondientes a la notificación de documentos y comparecencias, o sean los 1011, 1012, 1013 y siguientes del Código de California, corresponden a los 320, 321 y 322 del nuestro. Al traerse dichos artículos a nuestro Código, ya habían sido interpretados en California en el sentido de que en aquellos casos en que la notificación debe hacerse personalmente y ésta se envía por correo y la parte a quien se intenta notificar la recibe dentro del término para apelar, eso equivale a una notificación personal. *Heinlen* v. *Heilbron,* 30 Pac. 8 (Cal. 1892) y *Shearman* v. *Jorgensen,* 39 Pac. 863 (Cal., 1895). Y esta es la regla que prevalece en la actualidad en aquel estado. *Colyear* v. *Tobriner,* 62 P.2d 741 (Cal., 1936); *Hunstock* v. *Estate Development Corporation,* 138 P.2d 1 (Cal. 1943) y *Reserve Oil & Gas Co.* v. *Metzenbaum,* 191 P.2d 796 (Cal., 1948). Claro es que si se utiliza el correo para enviar una notificación cuando de acuerdo con el artículo 321 debe verificarse personalmente, el que notifica corre el riesgo de que de no ser recibida la notificación dentro del término para apelar, la corte apelativa no adquiera jurisdicción. Pero como en el presente caso la apelada recibió la notificación

dentro del término para apelar, equivale a haber sido notificada personalmente.(¹)

*Procede, por lo expuesto, denegar la moción de desestimación.*

---

(¹)En los casos de *Pueblo* v. *Carmona,* ante, pág. 312; *Asencio* v. *Sucn. Rodríguez,* 49 D.P.R. 8; *Marxuach* v. *Acosta,* 35 D.P.R. 636 y *Gascón* v. *Álvarez,* 28 D.P.R. 362, entre otros, no se levantó la cuestión que ahora resolvemos. Desde el 1913, en que se resolvió el caso de *Quintero et al.* v. *Morales,* 19 D.P.R. 1183, este Tribunal exteriorizó por medio de un *dictum* que aparece en la ·página 1187 la forma en que probablemente se decidiría la cuestión cuando se demostrara que la notificación enviada por correo fué recibida dentro· del término que el estatuto concede para notificar.