Tecon Corporation, demandante, recurrida y recurrente, *v.* Secretario de Hacienda, demandado, recurrente y recurrido.

*Número:* 12287  *Resuelto:* 18 de diciembre de 1961

*James R. Beverley* y *Carmen B. Hernández,* abogados de la demandante-recurrente; *J. B. Fernández Badillo, Secretario de Justicia, Arturo Estrella, Secretario Auxiliar* y *Carlos G. Látimer, Procurador Auxiliar,* abogados del demandado-recurrido.

Sala integrada por el Juez Asociado señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados señores Santana Becerra y Rigau.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

Durante los años 1952 y 1953, la Tecon Corporation introdujo en Puerto Rico, maquinaria, herramientas, casas movibles *(house trailers)* y equipos y partes y accesorios para los mismos para ser utilizados en las obras que llevaba a cabo en la Base Aérea de Ramey en Aguadilla. Luego de pagar la suma de $37,345.38 en concepto de arbitrios, solicitó su reintegro del Secretario de Hacienda,(¹) habiéndosele concedido únicamente el reintegro de $526.63.

Acudió la contribuyente ante el Tribunal Superior y luego de celebrarse un juicio en los méritos dicho tribunal dictó

---

(¹) La contribuyente fundó su reclamación de reintegro en que (1) los arbitrios cobrados eran un tributo sobre importación, prohibido por ley; (2) la imposición de la contribución fue exclusivamente sobre la introducción de los artículos y artefactos, no habiéndose tomado el uso de dicho equipo como base para la imposición de arbitrios; (3) las leyes contributivas de Puerto Rico no rigen en el área federal de la base Ramey, a la cual no se aplica la Ley Pública 819 (Congreso Núm. 76, octubre 9,

sentencia declarando con lugar la demanda en lo que respecta a los compresores movidos por aceite *diesel* y en lo que respecta a las casas movibles, y desestimándola en cuanto a los demás extremos.

Ambas partes apelaron. La demandante-recurrente ha imputado al tribunal de instancia, la comisión de los siguientes errores:

### "Primer Error

"El Tribunal Superior erró al declarar sin lugar la reclamación de la demandante basada en que los arbitrios cobrados por el demandado fueron impuestos aduaneros por la importación de artículos, y al sostener la actuación del Secretario de Hacienda al denegar la devolución de los tributos cobrados por la introducción de las mercancías, maquinaria, equipo, etc., en Puerto Rico.

### "Segundo Error

"El Tribunal Superior cometió error al declarar sin lugar la reclamación de la demandante basada en que los bienes objeto de esta acción no debían estar sujetos al pago de arbitrios por su introducción en Puerto Rico.

### "Tercer Error

"El Tribunal Superior cometió error al declarar sin lugar la reclamación de la demandante en relación con los artículos introducidos al país para ser utilizados en una instalación industrial dedicada a la elaboración de piedrilla caliza, denominada 'caliche' en el presente caso."

Sin embargo, el demandado recurrido ha solicitado la desestimación de este recurso fundándose en que la notificación del escrito de apelación fue hecha fuera del término legal.

La copia de la notificación de la sentencia fue archivada en los autos el día 7 de marzo de 1957. El término para

1940, H.R. 6887); (4) la maquinaria y equipo de la planta industrial de caliche estaba exenta de contribuciones; (5) los compresores movidos por fuerza no eléctrica o de gas fluido, no tributaban; las herramientas neumáticas (*paving breakers*) no están gravados por la Ley de Arbitrios, y (6) las casas movibles (*house trailers*) tampoco están gravadas por dicha Ley de Arbitrios.

apelar vencía, por lo tanto, el día 6 de abril de 1957. Artículo 295 del Código de Enjuiciamiento Civil. La demandante radicó su escrito de apelación a las 4:59 P.M. del viernes, 5 de abril de 1957, o sea, en tiempo hábil y un minuto después notificó dicho escrito por correo al abogado del demandado, quien lo recibió en su oficina el día 8 de abril del mismo año. Las oficinas de los abogados de ambas partes radican en la ciudad de San Juan. ▮

El artículo 296 del Código de Enjuiciamiento Civil [32 L.P.R.A., sec. 1283] dispone que una apelación se interpone entregando al secretario de la corte en que fue dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación—dice el texto en castellano—a la parte contraria o/a su abogado. El texto inglés, que es el que debe prevalecer,(²) dispone que se entregue una notificación similar a la **parte contraria o a su abogado.**(³) La remisión por correo puede tener lugar, según el artículo 321 del mismo cuerpo legal, [32 L.P.R.A., sec. 1432], cuando la persona encargada de hacer la notificación o remitir los documentos y aquélla a quien fueron dirigidos residieren o tuvieren sus oficinas en distintos puntos, entre los cuales hubiere un servicio regular de comunicaciones por correo. Personas que residen en dos sitios o puntos distintos dentro de una misma ciudad no residen en "distintos puntos" dentro del significado de esta sección. *Santana* v. *Salinas,* 54 D.P.R. 116, *Asencio* v. *Sucn. Rodríguez,* 49 D.P.R. 8. Ello no obstante, puede efectuarse la notificación por correo aunque las personas residan en el mismo punto; pero si se **utiliza** el correo para enviar una notificación, cuando de acuerdo

---

(²) *Mestres* v. *Díaz Román,* 50 D.P.R. 370.

(³) Lee así el texto en inglés: " . . . , and serving a similar notice on the adverse party, or his attorney." La palabra *service* cuando se usa con referencia a emplazamiento, autos, citaciones, notificaciones y otros procedimientos legales, significa la lectura del documento a las personas que han de ser notificadas o la entrega a tal persona del original o una copia del mismo. *Ascencio* v. *Sucn. Rodríguez,* 49 D.P.R. 8, 10.

con el artículo 321 ya citado deba verificarse personalmente, el que notifica corre el riesgo de que de no ser recibida la notificación dentro del término para apelar, la corte apelativa no adquiera jurisdicción. *Collazo* v. *Puig & Abraham,* 70 D.P.R. 817.

Ahora bien, de acuerdo con el artículo 320 del Código de Enjuiciamiento Civil [32 L.P.R.A.., sec. 1431] la diligencia de una notificación o entrega de documentos debe hacerse personalmente a la parte o a su abogado, según proceda, o puede diligenciarse, en lo que al abogado respecta, en la siguiente forma:

"1. Si a un abogado, podrá verificarse la diligencia cuando estuviere ausente de su bufete, entregando la notificación o documentos al empleado o persona encargada de la oficina y si no hubiere nadie, dejándolos entre las ocho de la mañana y las cuatro de la tarde, en sitio notoriamente visible del bufete; y si por no estar abierto éste, fuere imposible efectuar la diligencia entonces se dejarán aquéllos en la residencia del abogado, entregándolos a alguna persona de suficiente edad y discreción; y si se ignorasen las señas de su residencia se cursarán por correo, bajo sobre dirigido a dicho abogado."

Como en este caso los abogados de las partes tenían sus bufetes en la misma ciudad, la demandante venía obligada a notificar personalmente su escrito de apelación al abogado del demandado dentro del término legal de 30 días. Unicamente podía recurrir al método sustituto del deligenciamiento de la notificación por correo, si resultaban infructuosas las gestiones que señala el artículo 320. Las Reglas de Enjuiciamiento Civil de 1943 no alteraron en forma alguna el procedimiento provisto por el Código de Enjuiciamiento Civil para los apelantes perfeccionar sus recursos de apelación en casos civiles. *Colón* v. *Imperial Guarantee, etc. Co.,* 73 D.P.R. 881; *Collazo* v. *Puig y Abraham,* 70 D.P.R. 817; *Hernández* v. *Corte Municipal,* 69 D.P.R. 887. Del expediente no surge que el abogado de la demandante recurrente hubiera practicado esas gestiones o diligencias. Para aco-

gerse al método sustituto de la notificación por correo descansó en el supuesto de que las oficinas del abogado del demandado estaban cerradas después de las cinco de la tarde del viernes 5 y que igualmente permanecerían cerradas el sábado, día 6, así como en el hecho de su desconocimiento de la residencia de dicho abogado.

Interpretando los artículos 1012 y 1013 del Código de Enjuiciamiento Civil de California, equivalentes a los artículos 320 y 321 del nuestro, los tribunales de aquel Estado han sostenido la doctrina de que para poder recurrir a la notificación por correo, es menester previamente haber tratado de efectuar la notificación personal y probar que se han hecho todas aquellas diligencias enumeradas en el artículo 1012 (320 nuestro), pues de lo contrario la notificación por correo carece de validez. En *Harris* v. *Minnesota Inv. Co.*, 265 P. 306, se dijo: "Las secciones 1011 a 1015 y siguientes del Código de Enjuiciamiento Civil de California se refieren a la manera de hacer las notificaciones. La lectura de estas secciones indica que fue el propósito de la Legislatura que las notificaciones se hicieran personalmente, excepto en aquellos casos en que tal clase de notificación sea imposible o muy inconveniente. La sección 1011 detalla y especifica la manera de hacer una notificación a un abogado. Indica claramente que debe agotarse todo esfuerzo razonable para hacer una entrega personal al abogado o a alguien que le represente, antes de recurrir a la notificación por correo. Solamente después de intentos infructuosos de notificar personalmente al abogado o dejando los documentos a ser notificados con alguien de edad madura, bien en su oficina o en su residencia, es que la notificación puede enviársele por correo a su oficina o a su residencia. Aun así la notificación debe ser en sobre sellado. Las únicas otras circunstancias bajo las cuales puede hacerse la notificación por correo son las prescritas en la sección 1012 del Código de Enjuiciamiento Civil, que provee: 'La remisión por correo podrá tener lugar, cuando la persona encargada de hacer la notificación o remitir los docu-

mentos y aquélla a quien fueren dirigidos residieren o tuvieren sus oficinas en distintos puntos, entre los cuales hubiere un servicio regular de comunicaciones por correo.' Incumbe a la persona que hace la notificación por correo demostrar que el caso es uno en el cual se permite tal clase de notificación y que se ha seguido la manera señalada por el estatuto." Véase al mismo efecto, *Holmes* v. *Anderson*, 265 P. 1010; *Heinlen* v. *Heilbron, et al*, 30 P. 8; *Koyer* v. *Benedict*, 87 P. 231; 18 West's *Annotated California Codes*, págs. 433 y siguientes, 40 Cal. Jur.2d, sec. 91 y sig., pág. 115.

Por otro lado, las razones aducidas por la apelante—su incertidumbre en cuanto al carácter final de la sentencia apelada y sus conversaciones con los abogados del apelado—no excusan el incumplimiento de la ley. *Arandes* v. *Viera*, 75 D.P.R. 157; *Casasús* v. *White Star Bus Line*, 58 D.P.R. 874.

*Por las anteriores razones debe desestimarse el recurso por falta de jurisdicción.*