GERARDO DESPIÁU BALSEIRO, demandante y apelante, *v.* MAR-CELINO M. PÉREZ Y PÉREZ y JESÚS PÉREZ Y PÉREZ, demandados y apelados.

Número 10984.

*Sometido:* 3 de diciembre de 1953. *Resuelto:* 25 de febrero de 1954.

*Eduardo Urrutia Martorell,* abogado del apelante; *Rodríguez Otero & Ramírez,* abogados del apelado Marcelino Pérez; *Mariano Acosta Velarde* y *Daniel Pellón Lafuente,* abogados del apelado Jesús Pérez.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

El demandante apeló de la sentencia sumaria dictada en su contra. Durante la vista del recurso ante nos se oyó también una moción para desestimar el mismo presentada por los demandados. Como de proceder esta última la consideración de aquél se haría innecesaria, discutiremos primeramente la desestimación solicitada. Ésta se funda en que (1) este Tribunal carece de jurisdicción para conocer del recurso porque la notificación del escrito de apelación fué hecha por correo y no personalmente, a pesar de que tanto el abogado del demandante como los de los demandados tienen sus oficinas y residen en el mismo punto dentro de la ciudad de San Juan; (2) la diligencia de notificación no aparece hecha bajo juramento; (3) en dicha diligencia no se alega que la copia del escrito de apelación fué remitida bajo pliego cerrado, que se pagara el franqueo correspondiente,o que exista un servicio regular y diario de comunicaciones por correo entre el sitio

---

donde tiene su oficina o residencia el abogado de la parte apelante y aquél en que tienen su residencia u oficina los abogados de la parte apelada; y (4) la transcripción de autos no contiene la prueba aducida por una y otra parte.

 La desestimación interesada no procede. Si bien el artículo 320 del Código de Enjuiciamiento Civil dispone en parte que: "La diligencia de una notificación . . . deberá hacerse personalmente" y el 321 que "La remisión por correo podrá tener lugar, cuando la persona encargada de hacer la notificación . . . y aquélla a quien fueren dirigidos residieren o tuvieren sus oficinas en distintos puntos, entre los cuales hubiere un servicio regular de comunicaciones por correo," sin embargo, reiteradamente hemos resuelto que si, al ser enviada por correo, la copia del escrito de apelación se recibe por la persona a quien se intenta notificar dentro del término que la parte perjudicada tiene para apelar, ello equivale a una notificación personal, y que considerada como personal tal notificación cualquier defecto en la forma en que se dirija la misma queda curado si el abogado de la parte contraria recibe la copia del escrito tal cual le fué dirigida. *Collazo* v. *Puig y Abraham*, 70 D.P.R. 817; *Alonso* v. *Muñoz*, 74 D.P.R. 875. En el presente caso la sentencia fué dictada el 17 de febrero de 1953; la misma fué notificada el día 26 siguiente y el 6 de marzo el demandante presentó una extensa moción de reconsideración;(1) el Tribunal Superior dió curso a dicha moción, señaló y celebró una vista sobre la misma y declaró sin lugar la moción el 13 de abril de 1953. Cuatro

---

(1) De acuerdo con el artículo 292 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley núm. 67 de 8 de mayo de 1937 (pág. 199) "cualquier parte agraviada por una sentencia . . . de una corte de distrito en una acción civil podrá, dentro del término improrrogable de quince días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia . . . radicar . . . una petición ex parte para la revisión o reconsideración de su sentencia . . . . Si la corte resolviere reconsiderar su sentencia o resolución u oír a las partes sobre la moción de reconsideración, el término para apelar se computará desde la fecha del archivo, como parte de los autos del caso, de una copia de la notificación hecha por el secretario de la corte a la parte perdidosa de la resolución definitiva del tribunal."

días más tarde el demandante apeló. Al calce de su escrito de apelación aparece una certificación que copiada al pie de la letra reza así: "Que en el día de hoy remití por correo copia de la presente moción dirigida a los Lcdos. Daniel Pellón Lafuente, Calle Salvador Brau núm. 153, 3er. piso, P. O. Box 326, San Juan P. R.; y al otro abogado E. Rodríguez Otero, Edificio Banco Popular, Oficina núm. 506, Pda. 22, Santurce, P. R., abogados de los demandados Jesús Pérez y Pérez, y Marcelino M. Pérez y Pérez, respectivamente. San Juan, Puerto Rico, hoy día 17 de abril de 1953. (Fdo.) Eduardo Urrutia Martorell, Abogado del demandante." Si los sobres conteniendo sendas copias del escrito de apelación fueron puestos en el correo el 17 de abril, la presunción controvertible es que los mismos fueron recibidos oportunamente,(2) es decir un día o dos después. Esta presunción no ha sido controvertida por los apelados, por lo que debe presumirse que la notificación del escrito de apelación fué recibida por cada uno de ellos antes de expirar el término de 30 días que tenía el demandante para apelar.(3) El recibo en tiempo de tal notificación subsanó cualquier defecto que se pudiera haber cometido en la notificación. Por otro lado, contrario a lo alegado por los apelados, en los autos figura una transcripción de la prueba documental aducida por las partes en relación con la moción sobre sentencia sumaria. *Cf. Colón v. Imperial Guarantee, etc., Co.,* 73 D.P.R. 881. La moción de desestimación debe, por tanto, ser declarada sin lugar. Pasamos, pues, a discutir los méritos del caso.

■ En la tercera demanda enmendada se alega en esencia, como primera causa de acción, que allá para el año 1930 Gerardo Despiáu Balseiro era dueño de una propiedad urbana situada en Santurce; que en el mes de noviembre de

---

(2) En el artículo 102 de la Ley de Evidencia (art. 464 del Código de Enjuiciamiento Civil, ed. de 1933) figura como presunción controvertible la de "(24) que una carta dirigida y cursada por correo debidamente fué recibida en su oportunidad."

(3) Véanse los artículos 292 y 295 del Código de Enjuiciamiento Civil.

dicho año él hipotecó la misma al demandado Marcelino M. Pérez Pérez por la suma de $5,000; que allá por los meses de febrero a mayo de 1932 el Tesorero de Puerto Rico embargó dicha propiedad en cobro de contribuciones, no siéndole notificado el embargo personalmente, ni en forma alguna; que si bien el embargo fué notificado a una tal Matilde Canales, "como empleada," ésta es persona no conocida por él ni relacionada con él en forma alguna; que tampoco se le notificó de la subasta; y que vendida la propiedad en pública subasta para el cobro de las contribuciones compareció el demandado Marcelino M. Pérez como único licitador y logró la adjudicación de la propiedad por la irrisoria suma de $769.97, siendo el valor de la finca no menos de $18,000. Como segunda causa de acción, que ignorando el demandante que su finca había sido rematada por su acreedor hipotecario y en la creencia de que éste para protegerse a sí mismo meramente había pagado tales contribuciones, el demandante y dicho acreedor celebraron un contrato de anticresis a virtud del cual el demandado Marcelino M. Pérez entró en la posesión civil temporal de la propiedad, para mediante el recibo de las rentas cobrarse los intereses que fueren venciendo y el importe de las contribuciones ya pagadas o que pudieren imponerse sobre la finca y abonar al capital de la deuda el remanente. Y en la tercera causa de acción, que el demandante ha sufrido daños y perjuicios por la suma de $26,000.

A la anterior demanda los demandados Marcelino M. Pérez y Jesús Pérez presentaron mociones para desestimar por falta de hechos, radicando este último, además, una moción eliminatoria y otra solicitando sentencia sumaria. Dichas mociones estuvieron acompañadas de copias fotostáticas del procedimiento de apremio seguido por el Tesorero de Puerto Rico en relación con la finca en cuestión y por declaraciones juradas del demandado Marcelino M. Pérez y del Lic. Daniel Pellón Lafuente, abogado del demandado Jesús Pérez Pérez. Contra las mociones así radicadas el demandante Gerardo

Despiáu Balseiro presentó dos oposiciones escritas, dos extensas declaraciones juradas suscritas por el propio demandante y copias certificadas de más o menos los mismos documentos acompañados a sus mociones por los demandados. El Tribunal Superior, conforme indicamos en el párrafo inicial de esta opinión, dictó sentencia sumaria en contra del demandante. En ella, después de hacer una relación de las alegaciones esenciales de la demanda, de considerar la moción para desestimar del demandado Marcelino M. Pérez como una sobre sentencia sumaria y de referirse a los documentos acompañados por las partes, dice finalmente que "de las alegaciones de la demanda y de las mociones sobre sentencia sumaria radicadas, los *affidavits* que acompañan a las mismas y la prueba documental presentada en forma de certificaciones como parte de las declaraciones juradas de las mociones sobre sentencia sumaria presentadas por los codemandados en el presente caso, el tribunal entiende que no existe una controversia real y genuina sobre ningún hecho material entre las partes, y que los demandados tienen derecho, como cuestión de ley, a una sentencia a su favor desestimando la demanda." Discrepamos del criterio así enunciado.

Según la Regla 56(c) de las de Enjuiciamiento Civil "la sentencia (sumaria) solicitada se dictará inmediatamente si las alegaciones, deposiciones y admisiones hechas junto con los *affidavits*, si los hubiere, probaren que, con excepción de la cuantía de los daños, no hay controversia real en cuanto a ningún hecho material, y que la parte que haya presentado la moción tiene derecho a sentencia como cuestión de ley." No obstante el contexto de esa regla es principio conocido en derecho que al resolver mociones solicitando sentencia sumaria las cortes actuarán siempre con cautela y . . . no serán sostenidas cuando existe una disputa *bona fide* de hechos entre las partes, debiendo tomarse en consideración al resolverse las mismas no sólo lo alegado en ellas sí que también cuanto figura en los *affidavits* y demás documentos radicados por las

partes en apoyo de sus respectivas pretensiones. *Hettinger & Co.* v. *Tribunal de Distrito*, 69 D.P.R. 137, 141. Un examen de las declaraciones juradas suscritas por las partes y de los documentos por éstas acompañados a sus respectivas mociones u oposiciones, nos lleva a la conclusión de que considerados unos y otros existe una disputa *bona fide* de hechos entre las partes, es decir una controversia real en cuanto a hechos materiales. Por ejemplo, el demandante alega en su demanda y asevera en sus declaraciones juradas que él jamás fué notificado personalmente del procedimiento de apremio;[4] que si bien una tal Matilde Canales fué notificada del embargo, como empleada, esa persona nunca fué dependiente o empleada de él y que jamás la conoció; y que como el demandado Marcelino M. Pérez le indicó que meramente había pagado las contribuciones para protegerse a sí mismo como acreedor y para proteger al propio demandante, a fin de garantizar la deuda en su totalidad el demandante y dicho demandado celebraron un contrato de anticresis. Ninguno de esos hechos materiales fué refutado por los documentos o declaraciones juradas presentados por los demandados. Aunque lo hubiesen sido, siempre existiría una controversia genuina sobre hechos materiales, que no puede dirimirse dentro del procedimiento de sentencia sumaria, sino en un juicio plenario. *Ramos* v. *Pueblo*, 67 D.P.R. 640; *Hernández* v.

[4] El artículo 336 del Código Político dispone en lo pertinente que:

"Dicho embargo será ejecutivo tan pronto como se haya notificado de él, haciendo la entrega de una copia de la notificación a algún miembro de la familia o dependiente mayor de edad; . . ."

El texto inglés de ese mismo artículo preceptúa que:

"The said attachment shall be enforcible as soon as notice thereof shall have been served by leaving a copy thereof *with the debtor himself* or any member of his family or attendants of legal age, . . ." (Bastardillas nuestras.)

(La enmienda introducida al anterior artículo por la Ley núm. 178 de 1942 (pág. 907) no desempeña aquí papel alguno toda vez que el procedimiento de apremio en este caso tuvo lugar años antes de regir dicha enmienda.)

Y el artículo 342 del mismo Código dispone, entre otras cosas que "el colector o agente *dará aviso al dueño de dicha propiedad* en la forma que determina el art. 336 de este título . . ." (Bastardillas nuestras.)

*Caraballo*, 72 D.P.R. 673; *Sánchez* v. *De Choudéns*, ante pág. 1; 6 Moore's *Federal Practice*, segunda edición, secciones 56.02, 56.15, págs. 2012, 2101, respectivamente. No debieron, por tanto, declararse con lugar las mociones sobre sentencia sumaria.

*La sentencia apelada será revocada y en su lugar se dictará otra devolviendo el caso al Tribunal Superior de Puerto Rico, Sala de San Juan, para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Asociados Sres. Negrón Fernández y Pérez Pimentel no intervinieron.