SULRAY, INC., demandante y recurrida, *v.* PEDRO TORRES RANGEL, demandado y recurrente.

*Número:* O-69-248    *Resuelto:* 8 de junio de 1970

*Frank Torres*, abogado del recurrente; *Joseph W. Kiefer*, abogado de la recurrida.

PER CURIAM: Expedimos el auto de *certiorari* para revisar la sentencia del tribunal de instancia desestimando la apelación interpuesta por el recurrente del epígrafe, fundándose en que éste no cumplió con las disposiciones de la Regla 53.2 de Procedimiento Civil, específicamente, no haber notificado el escrito de apelación por correo certificado al apelado no más tarde de 5 días después de presentado dicho escrito.

Aparece del récord que la sentencia dictada por el Tribunal de Distrito se notificó el 16 de junio de 1969. El escrito de apelación se presentó el 19 de junio, certificándose en el mismo que se había remitido en esa misma fecha copia por correo al abogado del demandante apelado a la dirección que consta en el récord.

La Regla 53.2 provee que cuando la notificación se hiciese por correo, deberá hacerse por correo certificado con acuse de recibo no más tarde de cinco días después de presentado el escrito de apelación. Es claro que el envío por correo certificado con acuse de recibo es un medio fehaciente cuya eficacia no puede ser controvertida por las partes. De ahí, la deseabilidad y conveniencia de este medio de notificación.

La Regla 53.2, sin embargo, no impide que la notificación se haga por otros medios, en cuyo caso, lo determinante para la eficacia de la notificación es si efectivamente el apelado la recibió o no dentro del término para apelar. *Cf. Despiáu* v. *Pérez*, 76 D.P.R. 123 (1954).

El envío por correo ordinario goza de la presunción de que la comunicación fue recibida en su oportunidad.

Art. 464, inciso 24 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1887. Tal presunción puede ser controvertida por la parte contraria. En el caso de autos no aparece que en forma alguna fuera controvertida. El apelado se limitó a impugnar la notificación a base de que no había sido notificado por correo certificado, sin hacer alegación alguna de si efectivamente la recibió o no. Debe notarse que la notificación se hizo el 19 de junio de 1969, cuando aún faltaban cerca de 27 días para la extinción del término para apelar. Siendo ello así, favorece al apelado la presunción de que la notificación se recibió oportunamente, y, por lo tanto, incidió el tribunal de instancia al desestimar la apelación.

*Se revoca la sentencia dictada por el tribunal de instancia y se devuelve el caso para procedimientos ulteriores consistentes con lo aquí expuesto.*

El Señor Juez Presidente no intervino.