INSULAR FEED CORPORATION, demandante y recurrida, *v.* MIGUEL DÍAZ ACEVEDO, demandado y recurrente.

*Número:* O-69-241      *Resuelto:* 10 de junio de 1970

*Ramón Ferrer Delgado,* abogado del recurrente; *Joseph W. Kiefer,* abogado de la recurrida.

PER CURIAM: Apunta el recurrente que el tribunal de instancia incidió al desestimar su recurso de apelación al

Tribunal Superior de la sentencia sumaria dictada en su contra por el Tribunal de Distrito debido a que no se notificó por correo certificado.

La notificación de la sentencia en este caso fue archivada en los autos del caso en 24 de junio de 1969. La apelación fue notificada por correo ordinario en 8 de julio de 1969. La recurrida informó al Tribunal Superior que recibió el referido escrito de apelación en o alrededor del 10 u 11 de julio de 1969. Es evidente, pues, que la notificación de la apelación fue hecha dentro de los términos de 30 días y de 5 días prescritos por las Reglas Núms. 53.1 y 53.2 de las de Procedimiento Civil. Por lo tanto, no procedía la desestimación del recurso, no obstante no haberse cursado la notificación de la apelación por correo certificado.

Este caso se inició con la demanda de la recurrida en contra del recurrente en cobro de $621.81. Fue radicada en el Tribunal de Distrito, Sala de San Juan. Se ordenó su traslado a la Sala de Camuy de dicho tribunal. Se dictó sentencia sumaria en contra del recurrente en 24 de junio de 1969, en vista de que aparecía que por carta de 14 de diciembre de 1968 el recurrente había admitido adeudar dicha suma a la recurrida. En esa misma fecha se archivó en autos una copia de la notificación de la sentencia. No conforme, apeló el recurrente de dicha sentencia al Tribunal Superior, Sala de Arecibo, en 8 de julio de 1969 y en esa fecha cursó la notificación de la apelación a la recurrida por correo ordinario. Se solicitó la desestimación del recurso porque no se notificó por correo certificado. Requerida la recurrida por el recurrente para que informase si recibió la notificación de la apelación y, en caso afirmativo, cuándo la recibió, informó la recurrida al tribunal de instancia que la recibió en o alrededor del 10 al 11 de julio de 1969, por correo ordinario "y no en cumplimiento de la Regla 53.2 que fue enmendada específicamente para requerir notificación por correo certificado con acuse de recibo."

■ La Regla Núm. 4 de las de Apelación al Tribunal Superior (4 L.P.R.A. App. III, R. 4) dispone en parte que "Si el escrito de apelación no se hubiere radicado dentro del término y con la notificación provista en las Reglas 53.1(a) y 53.2 de Procedimiento Civil, la apelación será desestimada por el juez correspondiente del Tribunal Superior." (¹)

La Regla Núm. 53.1 de Procedimiento Civil provee que el término para apelar es de 30 días siguientes al archivo en autos de una copia de la notificación de la sentencia. De acuerdo con la Regla Núm. 53.2, el apelante debe notificar la presentación del escrito de apelación a todas las partes contrarias, o a sus abogados de récord, dentro del referido término. Dicha Regla 53.2 además provee que "Cuando la notificación se hiciere por correo, deberá hacerse por correo certificado con acuse de recibo no más tarde de 5 días después de presentado el escrito de apelación." *Figueroa Rivera* v. *Tribunal Superior*, 85 D.P.R. 82, 86 (1962).

En *Despiáu* v. *Pérez*, 76 D.P.R. 123, 125 (1954), resolvimos que cuando el estatuto exige que la diligencia de una notificación debe hacerse personalmente, el defecto de enviarla por correo queda curado al recibirse la notificación por la persona a quien se intenta notificar dentro del término que la parte perjudicada tiene para apelar.

En el caso ante nos, se optó por notificar por correo a la recurrida la apelación al Tribunal Superior de la sentencia sumaria del Tribunal de Distrito. No se cumplió con el requisito de hacerlo por correo certificado. Pero de hecho se recibió por la recurrida unos 13 días antes de vencer el término de 30 días prescrito por la Regla 53.1 para formalizar la apelación, es decir, la recibió el día 11 de julio de 1969 a más tardar, o sea, dentro de los 5 días después

---

(¹) La Regla Núm. 5 de las de Apelación al Tribunal Superior que establecía un término para apelar de 10 días fue derogada por resolución del Tribunal Supremo de 29 de julio de 1958 efectiva el 31 de julio de 1958.

de presentado el escrito de apelación, según disposición de la Regla 53.2.

■ Concluimos que bajo las anteriores circunstancias el incumplimiento del requisito de correo certificado constituyó un defecto en la forma en que se dirigió la notificación el cual quedó curado, como dijimos en *Despiáu,* supra, al comprobarse por la admisión de la propia recurrida que en efecto recibió la notificación dentro de los dos términos antes mencionados.

■ Dos son los requisitos esenciales de naturaleza jurisdiccional en el perfeccionamiento del recurso de apelación en casos como éste, así como en los recursos de apelación y de revisión dirigidos al Tribunal Supremo. Uno es el formalizar el recurso presentando el escrito del recurso en la secretaría del tribunal correspondiente dentro del término de 30 días siguientes al archivo en autos de una copia de la notificación de la sentencia. El otro es el de notificar a la otra parte el escrito de apelación dentro de dicho término. La notificación de dicho escrito puede hacerse personalmente o por correo certificado. La forma y manera de hacer tal notificación no es de naturaleza jurisdiccional. Constituye más bien la comprobación del requisito esencial jurisdiccional de que se notificó el recurso dentro del término o términos prescritos por las Reglas. De ahí que cuando se resuelva notificar por correo, lo indicado es hacerlo por correo certificado con acuse de recibo como lo prescribe la Regla 53.2 pues esta comprobación de la notificación del recurso es definitiva e incontrovertible. Ahora bien, es obvio que resulta innecesario comprobar el hecho de la notificación del recurso a tiempo cuando la persona que debe ser notificada admite por escrito al tribunal que recibió la notificación dentro del término de ley.

Comprobado indubitablemente, por la admisión de la recurrida en el caso ante nos, que ésta recibió la notificación dentro del término prescrito, el defecto de haberse enviado

por correo ordinario en lugar de por correo certificado quedó curado y no es una circunstancia que priva al Tribunal Superior de jurisdicción o que de otro modo requiera la desestimación del recurso.

Por lo tanto, *se revocará la sentencia dictada en este caso por el Tribunal Superior, Sala de Arecibo, en 15 de octubre de 1969, y se devolverá el caso para la continuación de los procedimientos en el tribunal de instancia.*

El Señor Juez Presidente no intervino.