PHILIP MORRIS, INC., peticionaria, v. TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. JUAN JOSÉ RÍOS MARTÍNEZ, JUEZ, demandado; ESTADO LIBRE ASOCIADO DE PUERTO RICO, interventor.

*Número:* O-74-171      *Resuelto:* 8 de enero de 1975

208

*Goldman, Antonetti, Barreto, Curbelo & Dávila,* abogados de la peticionaria; *Peter Ortiz, Procurador General Interino,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados del interventor.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

En 4 de mayo de 1971 la peticionaria Philip Morris, Inc., presentó ante el Secretario de Hacienda de Puerto Rico una solicitud para que le fuesen reintegrados $178,696.01 o para que se le expidieran nuevos sellos de arbitrios por dicha cantidad. Fundó su solicitud en la razón de que en Nueva York le habían hurtado un cargamento de cigarrillos destinado para Puerto Rico y que las cajetillas de esos cigarrillos tenían adheridos los sellos de Rentas Internas del Estado Libre Asociado, los cuales montaban a la suma antes indicada.

Ante la posibilidad de que el Secretario denegase la solicitud, la peticionaria, previendo que tuviese que acudir a los tribunales, bajo las disposiciones de la Ley Núm. 232 de 10 de mayo de 1949, según enmendada, 13 L.P.R.A. sec. 261, presentó en el Tribunal Superior de Puerto Rico una petición para que se le autorizase a tomar varias deposiciones de empleados suyos y del Departamento de Hacienda que intervinieron en Nueva York y en Virginia con dichos sellos y cigarrillos. El propósito de dicha petición era, desde luego, perpe-

tuar el testimonio de dichas personas a los fines de la litigación que parecía inminente.

La petición original fue presentada en el tribunal el 3 de diciembre de 1971 y el 28 de dicho mes y año la peticionaria presentó una petición enmendada. El Tribunal Superior, en vista de la petición enmendada, dictó en 29 de diciembre de 1971 una orden accediendo a lo solicitado y en la misma ordenó que tres copias de la petición y de la orden del tribunal fuesen entregadas al Secretario del Tribunal para que éste notificase al Secretario de Hacienda en o antes de 1 de enero de 1972, a tenor con lo dispuesto en el Art. 3 de la Ley Núm. 328 de 13 de mayo de 1949, 13 L.P.R.A. sec. 286. La entrega al Secretario de Hacienda se hizo al día siguiente de emitida la orden por el tribunal, esto es, en 30 de diciembre de 1971.

En las copias de la petición recibidas por el Secretario de Hacienda constaban los lugares y fechas en que se tomarían las deposiciones. Se señalaban los días del 17 al 21, inclusives, de enero de 1972. Las deposiciones fueron tomadas durante esos días. El Secretario de Hacienda no formuló oposición ni compareció al acto de toma de las deposiciones.

Posteriormente, en 8 de marzo de 1972, la peticionaria presentó una solicitud adicional para la toma de deposiciones a dos detectives de Nueva York. El tribunal también accedió a dicha petición y la petición y la orden del tribunal fueron entregadas al Secretario de Hacienda en 15 de marzo de 1972, mediante diligenciamiento personal.

Posteriormente, en 24 de marzo de 1972, el Secretario de Hacienda presentó en el tribunal una moción solicitando que se dejasen sin efecto las órdenes del tribunal de 29 de diciembre de 1971 y 10 de marzo de 1972, que fueron las órdenes mediante las cuales el tribunal había dado su consentimiento para que la peticionaria tomase las deposiciones antes mencionadas. Adujo el Secretario que dichas órdenes fueron dictadas sin la previa notificación provista en la Regla 24.1 (b). La peticionaria nada hizo sobre la orden de 10 de marzo de 1972

pero se opuso a que se dejase sin efecto la de 29 de diciembre de 1971, pues ya había tomado las deposiciones autorizadas por esa orden y había incurrido en los gastos que eso conllevaba. El tribunal dejó sin efecto ambas órdenes, pero no porque se hubiese omitido la notificación alegada por el Secretario de Hacienda sino por razón de que las órdenes fueron emitidas sin previa vista.

■ Expedimos *certiorari* para revisar esa actuación del Tribunal Superior. La Regla 24.1 de Procedimiento Civil establece el procedimiento a seguirse en la toma de deposiciones con antelación al juicio. El primer paso es presentar una solicitud jurada ante el tribunal en la cual se informan una serie de datos. Luego el tribunal señala la fecha para la vista de la petición. El peticionario notificará por escrito a las partes que designó en la petición como probables partes adversas copia de la petición y copia de una notificación en la que se especifica la fecha y lugar señalados para la vista de la petición. El diligenciamiento o entrega deberá hacerse por lo menos quince días antes de la fecha señalada para la vista, lo cual implica que el tribunal deberá señalar una fecha que haga posible cumplir con ese requisito.

En el caso de autos no se siguió ese procedimiento al pie de la letra. Se hizo lo siguiente: La peticionaria presentó su petición original no jurada en 3 de diciembre de 1971. Certificó en ella que envió copia de la misma al Secretario de Hacienda. En 28 de dicho mes y año presentó una petición enmendada y jurada, con tres copias adicionales para que el Secretario del tribunal notificase con esas tres copias al Secretario de Hacienda. El tribunal expidió la orden el 29 de diciembre de 1971 y ordenó que el Secretario de Hacienda fuese notificado con tres copias de la petición y de la orden del tribunal conforme a lo dispuesto en la ley. 13 L.P.R.A. sec. 286. Como dijimos, dicha notificación al Secretario fue hecha en 30 de diciembre de 1971.

La contención de la peticionaria es que el procedimiento seguido cumplió sustancialmente con la Regla 24.1 y que el Secretario de Hacienda renunció a los errores de procedimiento que hubiesen sido cometidos, al no objetar oportunamente a los mismos. El Secretario, por su parte, arguye que el tribunal no adquirió jurisdicción para dictar las órdenes en virtud de dichos errores.

■ A la luz de los hechos específicos de este caso, entendemos que la posición de la peticionaria debe prevalecer. La petición original presentada en 3 de diciembre de 1971, contiene una certificación firmada por el abogado de la peticionaria al efecto de que envió copia de dicha petición al Secretario de Hacienda. El Secretario no ha controvertido el hecho de que dicha copia le fue enviada y fue recibida por él. La Regla 24.1(b) dispone que la copia de la petición será diligenciada en la forma prescrita por la Regla 4.4 para diligenciar un emplazamiento, el cual supone entrega personal y no por correo. Se ha sostenido, sin embargo, que una notificación enviada por correo *que ha sido recibida* por la parte equivale a una notificación personal. *Despiáu* v. *Pérez*, 76 D.P.R. 123, 125 (1954); *Collazo* v. *Puig y Abraham*, 70 D.P.R. 817 (1950); *Insular Feed Corp.* v. *Díaz*, 99 D.P.R. 145, 148 (1970). Esos casos envuelven notificaciones de apelaciones.

■ Los tribunales son más exigentes en cuanto al cumplimiento de los requisitos formales de los emplazamientos que cuando se trata de notificaciones de otros escritos. *Cf. A.F.F.* v. *Tribunal Superior*, 99 D.P.R. 310 (1970). En el propio caso de *A.F.F.* v. *Tribunal Superior*, supra, se citó a la pág. 316 el caso de *Lawton* v. *Porto Rico Fruit Exchange*, 42 D.P.R. 291 (1931) en donde se resolvió que el tribunal adquiere jurisdicción cuando el demandado admite que fue notificado de la demanda. Citando a *Lawton*, en *A.F.F.* v. *Tribunal*, supra, dijimos que "lo que concede jurisdicción al tribunal es el *hecho de la citación* y no la certificación que de la entrega del emplazamiento haga el diligenciante." (Bastardillas

nuestras.) En los casos de notificación de otros escritos si la parte acepta, o si se prueba, que los recibió, el objetivo que la ley interesa queda realizado.

Moore al discutir la Regla 27 federal, equivalente a la Regla 24 nuestra, opina que si una posible parte adversa *no ha sido* notificada de la petición para la toma de deposición, dicha deposición no puede ser usada en su contra a menos que participe en la toma de la deposición. 4 Moore, *Federal Practice*, 2da. ed., sec. 27.18, pág. 1838. Pero Moore lo que discute es el supuesto de que la parte no haya sido notificada de la petición y no un caso como el presente que envuelve una notificación defectuosa.

El efecto de una notificación defectuosa en caso de toma de deposiciones se rige por la Regla 29.1 que provee como sigue:

"Todos los errores e irregularidades en la notificación para la toma de una deposición se consideran renunciados a menos que se entregue prontamente una objeción por escrito a la parte que hizo la notificación."

█ Aunque esa regla sólo hace referencia expresa a la notificación para la toma de deposición, pero no a la notificación de la petición que se presenta para que el tribunal autorice la toma de deposiciones, el propósito fue que aplicase a éstas también. El propósito de esa disposición, y las demás de la Regla 29, es que se entiendan renunciados todos los errores relacionados con el proceso de toma de una deposición, a menos que la parte afectada objete oportunamente. 4A Moore, *op. cit.*, sec. 30.57[11]; 8 Wright and Miller, *Federal Practice and Procedure: Civil*, secs. 2153 y 2154; 2A Barron and Holtzoff, *Federal Practice and Procedure*, secs. 750.1 y 751; 7 *Cyclopedia of Federal Procedure*, 3ra. ed., secs. 25.351 y 25.356.

El propósito de la regla no se limita a lo expresado. Moore al comentar la Regla 32 federal, que es igual a la Regla 29

nuestra, señala que en el proyecto preliminar de las Reglas, aparecía la siguiente disposición al final de lo que vino a ser la Regla 32:

"Ninguno de los anteriores errores o irregularidades, aun cuando no hayan sido renunciados, evitará el uso de la deposición, excepto si el tribunal encuentra que dichos errores destruyen sustancialmente el valor o utilidad de la deposición como evidencia o si la hacen injusta o perjudicial."

■ Moore explica que la disposición antes copiada fue omitida en las reglas según aprobadas, porque resultaba redundante, en vista de la Regla 61, equivalente a la Regla 50 nuestra, que ordena a los tribunales a hacer caso omiso de errores procesales, a menos que ello resulte incompatible con la justicia sustancial o se afecten los derechos sustanciales de las partes. Moore explica que la disposición antes copiada establece el standard aplicable para evaluar el efecto de errores e irregularidades en la toma de deposiciones y que, por consiguiente, aunque se objete a errores o irregularidades oportunamente, sólo aquellas que sean sustanciales impedirán el uso de la deposición en los tribunales. 4A Moore, *op. cit.*, sec. 32.11.

■ A la luz de lo discutido, concluimos que el Secretario de Hacienda fue notificado de la petición original y renunció a que la misma fuese entregada mediante diligenciamiento personal, al no objetar oportunamente a esos errores y que la notificación de dicha petición original cumplió con el requisito de que fuese notificada por lo menos quince días antes de la vista. La notificación se cursó el 2 de diciembre de 1971 y la petición enmendada se vio el 29 de dicho mes y año. La objeción de que el Secretario de Justicia no fue notificado es además tardía y debe entenderse renunciada pues se levanta por primera vez ante este Tribunal.

■ Examinemos ahora lo relativo a que la petición se resolviese sin vista. El Secretario de Hacienda compareció por primera vez al tribunal a objetar los errores el 29 de marzo de

1972, cuando ya habían transcurrido cuatro meses desde que fue notificado de la petición original y tres meses desde que fue notificado de la orden autorizando la toma de deposiciones. Nada hizo el Secretario para impedir que las deposiciones fuesen tomadas, sino que se cruzó de brazos y esperó a que la peticionaria incurriera en gastos considerables en la toma de las deposiciones para luego señalar irregularidades que no podían ser subsanadas. El Secretario tampoco objetó a que la petición se resolviera sin vista, sino que fue el tribunal *motu proprio* el que trajo a colación la ausencia de vista. Es ante este Tribunal que el Secretario de Hacienda por primera vez plantea la cuestión de la vista. Dicha cuestión quedó renunciada bajo los criterios antes discutidos al no ser planteada oportunamente. Las mismas normas de juego limpio y de equidad que aplicamos a los demás litigantes, les son también aplicables a las oficinas y organismos públicos.

En adición a lo expresado, el lenguaje de la Regla 24.1 no parece hacer mandatoria la celebración de una vista en todo caso. La única mención que hace dicha Regla de una vista es la siguiente: "la notificación será diligenciada por lo menos 15 días antes de la fecha señalada para la vista. . . ." Es concebible que haya casos en que la vista no sea necesaria y en esos casos el tribunal puede obviarla.

Al discutir la naturaleza de la vista mencionada en la Regla 24.1, Moore señala que en lo que concierne a la vista sobre la petición, la intención de las reglas es que el procedimiento sea sumario e igual a las vistas sobre las mociones. 4 Moore, *op. cit.*, sec. 27.15, pág. 1834.

Si la vista a que alude la Regla 24.1 es, como expresa Moore, una similar a la vista de una moción, es pertinente observar que la Regla 78 federal faculta a los tribunales a disponer que las mociones que requieran vista se vean sin vista oral, pudiendo ser suplida ésta mediante escritos en apoyo y en oposición a dichas mociones. Si equiparamos una petición para la toma de deposición a cualquiera otra moción,

a dicha petición le sería aplicable la Regla 7(a) de las de Administración del Tribunal de Primera Instancia, la cual en su párrafo tercero dispone como sigue:

"Toda moción se considerará sometida para resolución, sin celebración de vista, a menos que el Tribunal *motu proprio*, o a solicitud de parte, resuelva a su discreción señalarla para vista. Esta regla no será aplicable a aquellas mociones que por disposición de ley requieran celebración de una vista."

■ Como indicamos, del lenguaje de la Regla 24.1 no deducimos que la celebración de la vista oral es mandatoria. Considerando las improbables objeciones que puedan levantarse para que el tribunal no acceda a la toma de deposiciones y lo inútil que resultaría la celebración de una vista cuando la posible parte adversa no se opone a la petición, entendemos que la vista mencionada en la Regla 24.1 es de carácter discrecional y no mandatoria. La discreción, desde luego, reside en el tribunal. Esta conclusión está en armonía con los esfuerzos actuales de hacer los trámites judiciales lo menos engorrosos posible y de prescindir de la celebración de vistas en ciertos procedimientos cuando no son necesarias y cuando no se ponen en peligro o se lesionan los intereses de las partes. Véanse las Leyes Núms. 203, 204 y 205 de 23 de julio de 1974.

Desde luego, no es éste el momento para expresarnos sobre si tiene o no la peticionaria derecho al reintegro solicitado o a los sellos adicionales.

En vista de lo anterior, *se dejará sin efecto aquella parte de la resolución dictada por el Tribunal Superior, Sala de San Juan, en este caso en 2 de abril de 1974, la cual dejó sin efecto la orden del tribunal de 29 de diciembre de 1971 mediante la cual se autorizó la toma de 22 deposiciones, cuyas deposiciones fueron tomadas.*