Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Hiram Ignacio Pérez Soto<br>    Peticionario<br><br>            v.<br><br>Cantera Pérez, Inc. José Reinaldo<br>Cordero Soto, Enid Teresa Pérez<br>Soto, Arleen Marie Valeiras<br>Pérez, Marisel Annette Valeiras<br>Pérez y María Antonia Rodríguez<br>Lebrón<br>        Recurridos | Certiorari<br><br>2013 TSPR 24<br><br>188 DPR ____ |

Número del Caso: CC-2011-737

Fecha: 27 de febrero de 2013

Tribunal de Apelaciones:

            Región Judicial de Humacao, Panel VI

Abogado de la Parte Peticionaria:

            Lcdo. Héctor M. Collazo Maldonado

Abogados del Recurrido:

            Lcda. Patricia Cordero Alcaráz
            Lcdo. Guillermo Ramos Luiña
            Lcdo. Enrique Alcaráz Michele
            Lcda. Valgina Rodríguez Calderón
            Lcdo. Rafael A. García López
            Lcdo. Luis E. Laguna Mimoso

Materia: Derecho Apelativo – Alcance de la Regla 13 del Reglamento del Tribunal de Apelaciones; notificación de recurso a través de servicio de correo postal privado.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hiram Ignacio Pérez Soto
          Peticionario

                    v.                                    *Certiorari*

Cantera Pérez, Inc., José
Reinaldo Cordero Soto, Enid        CC-2011-737
Teresa Pérez Soto, Arleen
Marie Valeiras Pérez, Marisel
Annette Valeiras Pérez y María
Antonia Rodríguez Lebrón
          Recurridos

Opinión del Tribunal emitida por la Jueza Asociada señora Fiol Matta

En San Juan, Puerto Rico, a 27 de febrero de 2013.

Nos corresponde determinar el alcance de la Regla 13 del Reglamento del Tribunal de Apelaciones en aquellos casos en los que la notificación a las partes de un recurso apelativo se hace mediante un servicio de correo postal privado.[1] Debemos resolver si el matasellos provisto por la oficina postal privada es equivalente al del United States Postal Service (USPS) para propósitos de hacer constar la notificación oportuna del escrito de apelación.

---

[1] Regla 13 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 13 [en adelante, el Reglamento del Tribunal de Apelaciones].

I

El 14 de agosto de 2007, Hiram Pérez Soto presentó una demanda de partición de herencia ante el Tribunal de Primera Instancia, Sala de Humacao. Luego de varios trámites procesales y mediante moción presentada el 15 de noviembre de 2010, el peticionario solicitó desistir sin perjuicio de algunas de las causas de acción contenidas en la demanda.[2] No obstante, el Tribunal de Primera Instancia emitió una sentencia parcial enmendada en la que desestimó con perjuicio estas mismas reclamaciones. Además, le impuso a Pérez Soto diez mil dólares como honorarios de abogado más las costas y gastos del pleito.

Dicha sentencia parcial enmendada fue dictada el 2 de mayo de 2011. A partir de esta fecha, comenzó a transcurrir el término jurisdiccional de treinta días para apelar, que venció el 1 de junio de 2011, según la Regla 13 del Reglamento del Tribunal de Apelaciones.[3] El 27 de mayo de 2011, dentro del término jurisdiccional de treinta días, Pérez Soto presentó un recurso de apelación ante el foro

_____

[2] En el transcurso del pleito, el peticionario presentó dos mociones de desistimiento contra la codemandada Cantera Pérez, Inc. En la primera, solicitó desistir con perjuicio de una acción sobre nulidad de redención de acciones. En la segunda moción, solicitó desistir sin perjuicio de una acción derivativa. Ambas mociones fueron acogidas por el Tribunal de Primera Instancia como desistimientos con perjuicio. Es de esta determinación que recurrió el peticionario ante el Tribunal de Apelaciones.

[3] 4 L.P.R.A. Ap. XXII-B, R. 13

intermedio.[4] Las notificaciones del recurso se hicieron esa misma tarde, depositándolas en un comercio llamado Postal Solutions, dedicado al servicio postal privado.

Posteriormente, dos de los codemandados solicitaron la desestimación de la apelación.[5] Adujeron que la notificación del recurso fue tardía ya que el matasellos del servicio postal federal tenía la fecha del 2 de junio de 2011, es decir, un día después de la fecha en que vencía el término de treinta días para recurrir en apelación. Señalaron que Postal Solutions no es una entidad equivalente al servicio postal federal y que el sello del comercio privado, indicando la fecha de 28 de mayo de 2011, no goza de la misma validez que el del USPS. Por último, alegaron que Pérez Soto no demostró justa causa para la dilación y, por eso, no quedaba exento del término de cumplimiento estricto.

El Tribunal de Apelaciones dictó sentencia el 24 de junio de 2011 declarándose sin jurisdicción para atender el recurso. Resolvió que las notificaciones a las partes se

---

[4] En la apelación, Pérez Soto certificó haber enviado copia fiel y exacta del escrito a los abogados de las demás partes.

[5] Las mociones de desestimación fueron presentadas por los codemandados José Reinaldo Cordero Soto y Enid Teresa Pérez Soto. Adujeron que la notificación del recurso fue tardía, toda vez que el sobre tenía dos matasellos. Uno de ellos era de Postal Solutions con fecha de 28 de mayo de 2011 y el otro del USPS con fecha de 2 de junio de 2011. Estos fundamentaron su posición en que la fecha válida era la del matasellos del USPS y que la notificación se recibió un día después de la fecha en que vencía el término de treinta días para recurrir en apelación, a saber, el 2 de junio de 2011.

habían hecho fuera del término establecido y que el peticionario, hasta el día en que se emitió dicha sentencia, no había demostrado justa causa para la tardanza. El foro apelativo concluyó que "si una parte descansa en terceros para descargar su responsabilidad de notificar un escrito de apelación debe asumir las consecuencias de los errores del tercero en quien delega".[6]

Pérez Soto solicitó reconsideración y acompañó su moción con prueba documental mediante la cual intentó probar: (1) que envió las notificaciones a las partes de forma oportuna; (2) que Postal Solutions es un "commercial mail receiving agency" (CMRA) debidamente autorizado por el USPS para realizar servicios análogos a los del servicio postal y (3) que había mostrado diligencia durante el manejo del caso, por lo cual, de haber habido alguna dilación en el trámite de las notificaciones, ésta no podía atribuirse a negligencia de su parte.

Entre los documentos presentados incluyó dos declaraciones juradas. La primera fue prestada por el propio peticionario, quien afirmó que en la tarde del 27 de mayo de 2011, día en que presentó la apelación, visitó Postal Solutions con el propósito de notificar a las partes sobre la presentación del recurso apelativo por medio de correo certificado con acuse de recibo. Alegó que depositó los documentos en el correo privado y realizó el pago

---

[6] Sentencia del Tribunal de Apelaciones, pág. 5.

correspondiente. Declaró que al día siguiente regresó a la tienda para buscar el recibo de pago sellado por Postal Solutions así como copia de los recibos de envío mediante correo certificado, los cuales también habían sido sellados por la tienda. Ambos sellos tenían fecha del 28 de mayo de 2011.[7] Pérez Soto alegó que, mediante correo electrónico acompañado con copia digital de los recibos, avisó a su abogado del envío de las correspondientes notificaciones y que fue por esa razón que éste radicó una Moción Informativa certificándole al Tribunal de Apelaciones haber cumplido con este requisito.[8] Por último, el peticionario afirmó haber utilizado en numerosas ocasiones el servicio de Postal Solutions para manejar sus asuntos profesionales como abogado y contador público autorizado.

La segunda declaración jurada contiene el testimonio de José Medina Bulerín, dueño de Postal Solutions. Éste alegó que su negocio está debidamente autorizado por el USPS para operar como servicio postal y tiene autorización para fijar su sello en los documentos que se le entregan, "evidenciando que recibió un documento de un cliente con el propósito de que se tramitara bajo el sistema de U.S. Postal Service

---

[7] Pérez Soto aduce que, como acudió a Postal Solutions en la tarde del 27 de mayo, no fue hasta el día después que pudo recoger los recibos y, por tal razón, la fecha que aparece en los sobres es la del 28 de mayo. Así consta en la copia del recibo del pago realizado con la tarjeta VISA débito del peticionario, con fecha del 27 de mayo de 2011 a las 17:41 (5:41 p.m.), por la cantidad de $238.10.

[8] Esta Moción Informativa se presentó el 1 de junio de 2011.

Certified Mail Receipt. Es equivalente y con la misma autoridad oficial como si fuera el sello de U.S. Postal Service Certified Mail Receipt".[9] Pérez Soto también incluyó una carta con fecha del 11 de julio de 2011, suscrita por el gerente de la Oficina del USPS en San Juan, Puerto Rico, en la cual confirma que Postal Solutions cuenta con las certificaciones necesarias para operar como un CMRA, descrito como un "private post office, under current US Postal Service rules and regulations" y que, como tal, puede recibir correos certificados, siendo la fecha sellada tan válida como si se adquiriera el servicio de cualquier oficina del USPS.[10]

El foro intermedio descartó todos los planteamientos del peticionario, sosteniendo su determinación inicial. Inconforme, Pérez Soto recurrió ante nosotros. En su petición de certiorari presentó los siguientes señalamientos de error:

1. Erró el Tribunal de Apelaciones al desestimar el escrito de apelación presentado y declararse sin jurisdicción por no haberse notificado a las partes sobre la presentación del recurso apelativo dentro del término de cumplimiento estricto de treinta días.

2. Abusó de su discreción el Tribunal de Apelaciones al desestimar el recurso de apelación rechazando que el

---

[9] Apéndice, págs. 66-68.

[10] En esa carta se afirmó que Postal Solutions puede "receive certified mail with stamp seal Postal Solutions with the purchase date and as **such the stamped date from the office is valid as the client or customer purchase this service directly to any USPS location** [sic]". (Énfasis nuestro.) Apéndice de la Petición de Certiorari, pág. 87.

peticionario hubiese demostrado justa causa para la dilación.

Sometido el caso ante nuestra consideración, pasamos a resolver.

## II

En nuestro sistema judicial, el derecho a apelar es un derecho estatutario y no constitucional, por lo que le compete a la Asamblea Legislativa determinar si las partes tendrán derecho a invocar la jurisdicción apelativa de los tribunales.[11] Una vez se reconoce tal derecho, al amparo del Artículo V de la Constitución del Estado Libre Asociado de Puerto Rico, el Tribunal Supremo tiene la responsabilidad de diseñar e implantar un sistema de normas que fomente la más sana y efectiva administración de la justicia, tanto en la jurisdicción original como en la apelativa.[12] Esta facultad se reitera en la Ley de la Judicatura de 2003, según enmendada, que dispone que corresponde a este foro el poder para diseñar las reglas que aseguren el "acceso fácil, económico y efectivo" al foro apelativo.[13] A estos fines, aprobamos el Reglamento del Tribunal de Apelaciones que, junto a otras reglas y leyes, regula el trámite y

---

[11] Reyes v. Delgado, 81 D.P.R. 937, 942-943 (1960).

[12] Art. V de la Constitución del Estado Libre Asociado de Puerto Rico.

[13] Ley Núm. 201 del 22 de agosto de 2003, según enmendada. Véanse los artículos 2.002 y 4.004, 4 L.P.R.A. sec. 24c y 4 L.P.R.A. sec. 24w respectivamente.

perfeccionamiento de los recursos apelativos.[14] La existencia de un conjunto de normas que regulan la práctica apelativa puertorriqueña implica, en esencia, que aunque haya derecho a apelar, las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados.[15]

Entre los requisitos para perfeccionar el recurso apelativo se encuentran la presentación oportuna del recurso en la Secretaría del Tribunal de Apelaciones y su notificación a las partes. Ambos inciden en la jurisdicción del tribunal.[16] Puesto que la jurisdicción es la autoridad que tienen los foros judiciales para atender controversias con efecto vinculante para las partes, el incumplimiento con estos requisitos impide que el Tribunal de Apelaciones pueda atender la controversia que se le presenta.[17] La ausencia de jurisdicción no puede ser subsanada por las partes ni por el

---

[14] *In re:* Reglamento del Tribunal de Apelaciones, 162 D.P.R. 444 (2004).

[15] *Véanse*: Hernández Maldonado v. Taco Maker, 181 D.P.R. 281 (2011); García Ramis v. Serrallés, 171 D.P.R. 250 (2007); Arriaga Rivera v. Fondo del Seguro del Estado, 145 D.P.R. 122 (1998).

[16] La notificación a las partes es esencial para que el foro apelativo pueda asumir jurisdicción, pero el término para llevarla a cabo es un requisito de cumplimiento estricto, según la Regla 13(B) del Reglamento del Tribunal de Apelaciones de 2004.

[17] Insular Feed Corporation v. Díaz, 99 D.P.R. 145, 149 (1970).

propio tribunal.[18] Por eso hemos reiterado que los tribunales deben ser celosos guardianes de su jurisdicción y que tienen el deber de velar por que los recursos se perfeccionen de forma que les sea posible atenderlos.[19] Cónsono con esta doctrina, el incumplimiento con la presentación o la notificación a las partes acarrea la desestimación del recurso apelativo.[20]

Por no estar en controversia que el peticionario presentó de forma oportuna su escrito de apelación, pasamos a analizar lo referente a la notificación del recurso. Este requisito ha sido incorporado a la práctica legal con el interés de salvaguardar el debido proceso de ley de las partes que podrían verse afectadas por la presentación de un recurso apelativo. Como establecimos anteriormente, la falta de notificación a una de las partes priva de jurisdicción al tribunal para atender el recurso en los méritos.[21]

La Regla 13(B) del Tribunal de Apelaciones dispone en lo pertinente:

---

[18] Martínez v. Junta de Planificación, 109 D.P.R. 839 (1980).

[19] Gobernador de P.R. v. Alcalde de Juncos, 121 D.P.R. 522, 530 (1988).

[20] Regla 83(B) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 83(B).

[21] Piazza Vélez v. Isla del Río, Inc., 158 D.P.R. 440, 457 (2001); Velázquez v. Administración de Terrenos, 153 D.P.R. 548 (2001).

(B) Notificación a las partes.-

(1) Cuándo se hará.- La parte apelante notificará el recurso apelativo y los apéndices **dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento.**

(2) Cómo se hará.- La parte apelante notificará el recurso de apelación **debidamente sellado con la fecha y hora de su presentación mediante correo certificado o servicio de entrega por empresa privada con acuse de recibo.**

(3) Constancia de la notificación.- Se considerará que la fecha de la notificación a las partes es la que conste del certificado postal como la fecha de su depósito en el correo.
       Si la notificación se efectúa por correo ordinario, la fecha del depósito en el correo se considerará como la fecha de la notificación a las partes.
       **Se considerará que la fecha de la notificación a las partes es la que conste del documento expedido por la empresa privada que demuestre la fecha en que ésta recibió el documento para ser entregado a su destinatario.** [22]

El propio Reglamento señala que los requisitos de notificación "deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos. Por causa debidamente justificada, deberá el Tribunal de Apelaciones proveer oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes".[23]

---

[22] (Énfasis suplido.) 4 L.P.R.A. Ap. XXII-B, R. 13(B).

[23] Regla 12.1 del Reglamento del Tribunal de Apelaciones. Cabe señalar que el Artículo 4.004 de la Ley de la Judicatura de 2003, 4 L.P.R.A. § 24w, establece:

El reglamento interno del Tribunal de Apelaciones contendrá, sin limitarse a ello, reglas dirigidas a reducir al mínimo el número de recursos

De los comentarios a la Regla 13 en el Reglamento del Tribunal de Apelaciones y los análisis jurisprudenciales que de ella hemos realizado, colegimos que esta regla tiene como objetivo que exista constancia de que se realizó la notificación a las partes de modo tal que se eviten controversias y litigios secundarios en torno al cumplimiento del requisito de notificación.[24] No obstante, también hemos señalado que el cumplimiento con este requisito se refiere únicamente a que la notificación sea realizada dentro del término provisto por la regla y no depende del mecanismo que se utilice para notificar.[25]

En el caso de autos, Pérez Soto alega que erró el Tribunal de Apelaciones en su apreciación de la Regla 13 antes transcrita, toda vez que cumplió con el requisito de notificar el recurso de apelación dentro del término de treinta días dispuesto en el Reglamento. El peticionario

---

desestimados por defectos de forma o de notificación, reglas que provean oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes, y reglas que permitan la comparecencia efectiva de apelantes por derecho propio y en *forma pauperis*.

[24] Droguería Central v. Diamond Pharmaceutical, 150 D.P.R. 62 (2000).

[25] "[L]o importante es que el escrito fuese notificado a la otra parte dentro del plazo reglamentario independientemente del método que se utilice para ello". Rodríguez Santiago v. Manuel Martínez, 151 D.P.R. 906, 912 (2000). *Véanse además:* Sociedad Legal de Gananciales v. Municipio de Guaynabo, 154 D.P.R. 98, 106 (2001); Droguería Central v. Diamond Pharmaceutical, *supra*.

señala que las notificaciones fueron debidamente selladas con la fecha de su presentación, el 28 de mayo de 2011. En ese momento faltaban cuatro días para que venciera el término de presentación del recurso apelativo.

Haciendo referencia a las reglas 13B(2) y 13B(3), Pérez Soto argumenta que el que las notificaciones fueran selladas por Postal Solutions no vicia el proceso de notificación a las partes, toda vez que la propia regla menciona la posibilidad de que se envíen los documentos "mediante correo certificado o servicio de entrega por empresa privada por acuse de recibo".[26] Fundamenta su razonamiento en que Postal Solutions es una "empresa privada" incluida de forma expresa entre los mecanismos de notificación autorizados en dicha regla. Por ende, aduce que la fecha que selló Postal Solutions en los sobres, 28 de mayo de 2011, es la que debe considerarse como la fecha de notificación a las partes.

Sin embargo, los codemandados entienden que el "servicio de entrega por empresa privada" al que alude la Regla 13 se refiere al que prestan aquellas empresas que realizan un servicio análogo al del USPS. Es decir, empresas que reciban y entreguen el correo, expidiendo las constancias correspondientes para acreditar el cumplimiento con los servicios requeridos del servicio postal. Aducen que compañías como Fed Ex, Island Wide y United Parcel Service of America (UPS) cumplen con esta definición,

---

[26] Regla 13B(2) del Reglamento del Tribunal de Apelaciones.

mientras que Postal Solutions es un mero intermediario entre el emisor de la correspondencia y su destino final. Concluyen que el matasellos de Postal Solutions no tiene validez alguna y, como el matasellos del USPS lleva fecha de 2 de junio de 2011, el recurso fue notificado fuera del término dispuesto en la Regla 13.

Así las cosas, la solución de la controversia de autos nos requiere que analicemos el significado de la frase "empresa privada" a los fines de decidir qué validez tiene el matasellos de un comercio postal privado *vis à vis* la que tendría el matasellos del USPS. En ausencia de mayores expresiones en el Reglamento del Tribunal de Apelaciones o en la jurisprudencia antes mencionada, entendemos necesario remitirnos a la norma general de interpretación del Reglamento del Tribunal de Apelaciones, junto a las disposiciones de la Regla 12.1 y del Artículo 4.004 de la Ley de la Judicatura antes citadas.[27] Específicamente, la norma general de interpretación del Reglamento del Tribunal de Apelaciones dispone que las reglas allí contenidas

> se interpretarán de modo que propicien un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía, que sea sensible a la realidad particular de los distintos componentes de nuestra sociedad, y que informe a la ciudadanía sobre sus derechos y responsabilidades […].[28]

---

[27] Véase la nota al calce 23.

[28] R. 2 del Reglamento del Tribunal de Apelaciones.

Con el interés de que los casos se vean en los méritos, constantemente hemos rechazado una aplicación e interpretación restrictiva de este tipo de Reglamento.[29] Utilizando estos principios como criterios rectores, pasamos a resolver.

El peticionario presentó la evidencia documental necesaria para probar que Postal Solutions está debidamente autorizado y certificado por el USPS para llevar a cabo servicios análogos a los que éste presta. No sólo presentó una declaración jurada del dueño de la tienda, sino que también hizo las gestiones necesarias para que el propio USPS certificara que Postal Solutions cuenta con los permisos necesarios para operar como un correo privado bajo las normas del servicio postal federal. Acreditada la autoridad de Postal Solutions para operar como una oficina de correo privada, sólo nos queda reconocer la validez del matasellos provisto por el comercio por ser éste equivalente al de cualquier otro mecanismo indicado en la Regla 13 del Reglamento del Tribunal de Apelaciones. Consecuentemente, concluimos que la notificación a las partes de la presentación del recurso apelativo se realizó el 28 de mayo de 2011, es decir, dentro del término de treinta días.

La interpretación que hoy hacemos de la Regla 13 reconoce la importancia que negocios similares a Postal Solutions han ido cobrando en el funcionamiento del sistema

---

[29] Rodríguez v. Sucesión Martínez, *supra.*

postal. A eso responde la concesión de facultades similares a esta clase de comercio por parte del USPS. La proliferación de estos servicios autorizados por la entidad federal evidencia que son frecuentados por ciudadanas y ciudadanos a quienes les beneficia la flexibilidad y accesibilidad que ofrecen, ya sea por la cercanía o porque brindan servicios de correspondencia en un horario más amplio que el del USPS u otras empresas. Aplicar a esta realidad una interpretación restrictiva de la Regla 13 del Tribunal de Apelaciones implicaría penalizar a las partes y a los abogados cuyos recursos y circunstancias les impidan realizar las gestiones necesarias para visitar una oficina de correo tradicional.

Por lo tanto, resolvemos que, aún cuando Postal Solutions no preste un servicio idéntico al que realizan el USPS y otros comercios dedicados al correo privado, la función que desempeña, como correo autorizado y certificado por el USPS, lo ubica dentro del alcance de la frase "empresa privada" utilizada en la Regla 13 del Reglamento del Tribunal de Apelaciones. Concluimos que la notificación a las partes fue oportuna y adecuada. Toda vez que el recurso fue debidamente perfeccionado, no procedía la desestimación por falta de jurisdicción.

III

Debemos señalar que, aunque optara por una interpretación distinta de su reglamento, el Tribunal de

Apelaciones no debió haber desestimado este recurso apelativo por falta de notificación a las partes sin dar al peticionario la oportunidad de mostrar causa por la cual no procedía ese curso de acción. Ante un término de cumplimiento estricto, como el dispuesto en la Regla 13 del Tribunal de Apelaciones, hemos dicho que "el tribunal no está atado al automatismo que conlleva un requisito jurisdiccional, por lo que puede "proveer justicia según lo ameritan las circunstancias" y "extender el término".[30] Se trata, pues, de un término susceptible a ser prorrogado en aquellos casos en que se demuestre justa causa.[31]

La evidencia presentada por Pérez Soto bastó para demostrar de forma razonable que fue diligente y que el alegado incumplimiento con el término de notificación no fue provocado por negligencia alguna de su parte. Es cierto que Pérez Soto no alegó que tuvo justa causa para incumplir con el término de cumplimiento estricto. Sin embargo, no estaba obligado a hacerlo expresamente pues su alegación en todo momento fue que, en efecto, había cumplido. Los escritos que presentó después de la apelación no tuvieron el objetivo de excusar el incumplimiento con los términos mencionados sino

---

[30] Lugo v. Suárez, 165 D.P.R. 729, 738 (2005).

[31] Para eximir a una parte de observar un término de cumplimiento estricto, se requiere que la parte demuestre, con explicaciones concretas y fundamentadas, que en efecto existe justa causa para la dilación y que detalle al tribunal las bases razonables para la dilación. *Véanse:* Arriaga Rivera v. Fondo del Seguro del Estado, *supra;* Lugo v. Suárez, *supra;* Sociedad Legal de Gananciales v. Castillo, 169 D.P.R. 873 (2007).

de acreditar la validez del matasellos de Postal Solutions. Creemos que el peticionario actuó de buena fe al confiar que Postal Solutions era una empresa autorizada, como finalmente lo acreditó, y que la presentación de la prueba documental que así lo establece sería suficiente para convencer al Tribunal de Apelaciones. Siendo así, la ausencia de una expresión específica reconociendo su tardanza y aduciendo justa causa no puede causar la desestimación del recurso. Además, hemos expresado en numerosas ocasiones que no podemos impartir justicia sustancial requiriéndole a las partes que presenten sus alegaciones utilizando palabras sacramentales.

No podemos obviar que la desestimación es un remedio drástico que debe utilizarse con conciencia de su efecto sobre la parte. Tampoco debió pasar por alto el Tribunal de Apelaciones que en este caso no existe una ausencia de jurisdicción *prima facie* sino que existía una controversia genuina sobre el alcance de una disposición del Reglamento del Tribunal de Apelaciones y su efecto en el cumplimiento con los requisitos necesarios para perfeccionar el recurso apelativo. Por lo tanto, hubiera sido deseable que se concediera al peticionario la oportunidad de presentar su posición ante la posible desestimación del recurso.

IV

Por los fundamentos antes expuestos, dejamos sin efecto la resolución del Tribunal de Apelaciones declarándose sin

jurisdicción y devolvemos el caso a ese foro para que continúe con los procedimientos.

Se dictará sentencia de conformidad.


                                        Liana Fiol Matta
                                        Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hiram Ignacio Pérez Soto
    Peticionario

*Certiorari*

      v.

CC-2011-737

Cantera Pérez, Inc., José Reinaldo Cordero Soto, Enid Teresa Pérez Soto, Arleen Marie Valeiras Pérez, Marisel Annette Valeiras Pérez y María Antonia Rodríguez Lebrón
    Recurridos

*SENTENCIA*

En San Juan, Puerto Rico, a 27 de febrero de 2013.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, dejamos sin efecto la resolución del Tribunal de Apelaciones declarándose sin jurisdicción y devolvemos el caso a ese foro para que continúe con los procedimientos.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal. La Jueza Asociada señora Rodríguez Rodríguez disiente sin opinión.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo